**ASSOCIATED METALS & MINERALS CORPORATION, Plaintiff-Appellee,**

v.

**SS PORTORIA, her engines, etc., et al., Defendants,**

**Industriale Maritima S.P.A., Defendant-Appellant.**

No. 73–2332

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 20, 1973.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Kenneth D. Kuykendall, Charles D. Kennedy, Houston, Tex., for Industriale Maritima.

Frank Caton, Houston, Tex., for Cobelfret Lines.

Ralph M. Sharpe, Jr., Houston, Tex., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

DYER, Circuit Judge:

This appeal raises two questions: (1) whether an in rem judgment was properly entered against the SS PORTORIA even though the vessel was not arrested; and (2) whether the vessel owner, Industriale Maritima S.P.A., is subject to an in personam judgment as a carrier because the voyage sub-charterer of the vessel issued a bill of lading subscribed "signed as per authority of the Master." Because the district court erroneously resolved both these questions in the affirmative in granting judgment against the vessel and against the owner, we reverse.

The PORTORIA, owned by Industriale, transported a cargo of wire rod from Antwerp, Belgium to Houston, Texas in February and March 1968. The contract of carriage was entered into between Associated Metals & Minerals Corp., the owner of the cargo, and Cobelfret Lines, the voyage sub-charterer from the time charterer, Skaarup Shipping Corporation. Cobelfret issued a bill of lading containing the clause "signed as per authority of the Master." Because of alleged rust damage to the cargo, Associated brought this action which resulted in an in rem judgment against the vessel, and an in personam judgment against the owner and the voyage charterer.[1]

It is undisputed that no process in rem was issued, the PORTORIA was not arrested, and the owner did not waive attachment of the vessel. Thus it is clear that the district court erred in

---

1. Cobelfret Lines, the voyage charterer, did not appeal.

**462**

entering an in rem judgment against the ship. As we said in Dow Chemical Co. v. Barge UM–23–B, 5 Cir. 1970, 424 F. 2d 307, 311:

> [N]o process in rem ever issued against the barge and it was not arrested. Attachment subjecting the res to the jurisdiction of the court is a prerequisite to a finding of in rem liability. Lewis v. Maritime Overseas Corporation, D.Or.1958, 163 F.Supp. 453; 1 Benedict on Admiralty § 11 at p. 20; *see* Ex Parte Republic of Peru, 1943, 318 U.S. 578, at 587, 63 S.Ct. 793, 87 L.Ed. 1014; The Resolute, 1897, 168 U.S. 437, at 439, 18 S.Ct. 112, 42 L.Ed. 533.

 Turning now to the in personam liability of the owner, Industriale contends that since the cargo owner's cause of action was based on the Carriage of Goods by Seas Act (COGSA), 46 U.S.C. § 1300 et seq., there could be in personam liability only if the owner was a carrier.[2] Relying on a failure of proof by the cargo owner that the vessel owner granted authority to the voyage charterer to sign the bill of lading on its behalf, Industriale asserts that there was no contract between it and Associated, and that the district court erred in entering an in personam judgment against it. We agree.

 In the recent Second Circuit case of Demsey & Associates v. SS SEA STAR, 2 Cir. 1972, 461 F.2d 1009, even though the words "for the Master" appeared on the bill of lading signed by the agent of the voyage charterer, the court concluded that "[b]ecause, however, Atlantic [the vessel owner] did not authorize World Bulk's agent [the voyage charterer] to issue the bills of lading, Atlantic is not liable *in personam*." Id. at 1015. It would seem self-evident that it was cargo's burden to show that the owner was a party to the contract between cargo and the voyage charterer

and its failure so to do establishes that cargo never relied upon the owner to perform the contract of carriage, but relied exclusively upon the voyage charterer to insure the proper carriage of goods. *See* International Selling Corporation v. Aiden Shipping Company, Ltd, S.D.N.Y.1972, 1972 A.M.C. 669; Tube Products of India v. SS RIO GRANDE, S.D.N.Y.1971, 334 F.Supp. 1039; United Nations Children's Fund v. SS NORDSTERN, S.D.N.Y.1965, 251 F.Supp. 833; Scrutton on Charterparties and Bills of Lading (17th ed. 1964) p. 51.[3]

Because of our disposition of the case we do not reach the other points raised by cargo. The judgment of the district court is reversed and judgment is rendered in favor of the SS PORTORIA, her engines etc., and Industriale Maritima S.P.A.

Reversed and rendered.

---

2. Section 1301(a) of COGSA defines a carrier as "the owner or the charterer who enters into a contract of carriage with a shipper."

3. Cargo's contention that owner's counsel made a judicial admission of liability and cargo's alternative argument premised on tort liability of the owner are without merit.