**J. GERBER & CO., INC., Plaintiff,**

**v.**

**M/V INAGUA TANIA, et al., Defendants.**

**Civ. A. No. H–91–1217.**

United States District Court,
S.D. Texas,
Houston Division.

Dec. 10, 1992.

J. Kevin Shaw, Sharpe & Kajander, Houston, TX, for plaintiff.

Mark Cohen, Royston Rayzor Vickery & Williams, William Hays Seele, Julian & Seele, Frank E. Billings, Billings & Solomon, Allan Douglas Shackelford, Jr., Abbott & Meeks, Houston, TX, for defendants.

## MEMORANDUM AND ORDER

ROSENTHAL, District Judge.

Pending before this Court is defendant Zukiteria Navigation, Inc.'s Motion for Summary Judgment. (Docket Entry # 15). Based on the facts, the parties' submissions, and the applicable case law, this Court grants the motion.

Plaintiff J. Gerber & Co., Inc. ("Gerber") sued a number of parties to recover for damage to its steel pipe cargo that allegedly occurred during shipment from Maracaibo, Venezuela to Houston, Texas. Zukiteria Navigation, Inc. ("Zukiteria") owned the M/V Inagua Tania, the ship on which the pipe was transported. Another defendant, Antilles Lloyd, Ltd. ("Antilles"), was the charterer of the M/V Inagua Tania. Zukiteria moves for summary judgment on the ground that it is not subject to *in personam* liability under the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C.App. § 1300 et seq. (1936). Zukiteria and Gerber agree that COGSA liability requires that Zukiteria was a "carrier" under COGSA 46 U.S.C.App. § 1301(a) (1936).

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. If the evidence rebutting the motion for summary judgment is only colorable or not significantly probative, summary judgment should be granted. *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2511; see *Lewis v. Glendel Drilling Co.,* 898 F.2d 1083, 1088 (5th Cir.1990), *cert. denied,* —— U.S. ——, 112 S.Ct. 171, 116 L.Ed.2d 134 (1991).

Under Fed.R.Civ.P. 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue for trial." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *Leonard v. Dixie Well Serv. & Supply, Inc.,* 828 F.2d 291, 294 (5th Cir.1987). Where the moving party has met its Rule 56(c) burden, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts ... [T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita,* 475 U.S. at 586–87, 106 S.Ct. at 1356 (quoting Fed.R.Civ.P. 56(e)) (emphasis in original); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Leonard,* 828 F.2d at 294. To sustain the burden, the nonmoving party must produce evidence admissible at trial. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2514; *Thomas v. Price,* 975 F.2d 231, 235 (5th Cir.1992) ("To avoid a summary judg-

ment, the nonmoving party must adduce admissible evidence which creates a fact issue. . . ."). In deciding a summary judgment motion, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513. If reasonable minds can differ regarding a genuine issue of material fact, summary judgment should not granted. *Anderson,* 477 U.S. at 250–51, 106 S.Ct. at 2511.

 COGSA defines a carrier as "the owner or the charterer who enters into a contract of carriage with a shipper." 46 U.S.C.App. § 1301(a) (1936). To be a carrier, the owner or charterer must have a contractual relationship with the shipper. *Pac. Employers Ins. Co. v. M/V Gloria,* 767 F.2d 229, 236 (5th Cir.1985); *Associated Metals & Minerals Corp. v. S/S Portoria,* 484 F.2d 460, 462 (5th Cir.1973); *In re: Lloyd's Leasing Ltd.,* 764 F.Supp. 1114, 1140 (S.D.Tex.1990) (no COGSA liability when party does not issue bills of lading or enter into carriage contracts); *Trade Arbed, Inc. v. S/S Ellispontos,* 482 F.Supp. 991, 994 (S.D.Tex.1980). More than one party can be a carrier. *Trade Arbed,* 482 F.Supp. at 994.

 Zukiteria's motion for summary judgment asserts that Zukiteria did not enter into any contractual relationship with Gerber. In support of the motion, Zukiteria attaches the linear booking note and bills of lading creating the contract for carriage. This evidence satisfies Zukiteria's initial Rule 56(c) burden.

Gerber relies on the linear booking note and bills of lading to demonstrate that Zukiteria was a party to the contract. Gerber asserts that clause 17 of the bills of lading establishes that Zukiteria is a party to the contract. These clauses state:

> The Contract evidenced by this Bill of Lading is between the Merchant and the Owner of the vessel named herein (or substitute) and it is therefore agreed that said Shipowner only shall be liable for any damage or loss due to any breach or nonperformance of any obligation arising out of the contract of carriage, whether or not relating to the vessel's seaworthiness.

Although this language states that the contract is between Gerber and "the Owner of the vessel," the clause must be read in context. This clause appears in bills of lading headed "ANTILLES LLOYD LTD." The bills of lading are signed by "Agents for Antilles Lloyd Ltd." The bills of lading evidences a contractual relationship between Gerber and Antilles, but nowhere refers to Zukiteria. The bills of lading are insufficient to enable Gerber to raise a fact issue as to Zukiteria's summary judgment evidence.

A similar argument was made and rejected in *Cactus Pipe & Supply v. M/V Montmartre,* 756 F.2d 1103, 1111 (5th Cir.1985). In *Cactus Pipe,* the shipper asserted that the trial court erred by not finding *in personam* liability against the vessel owner. *Id.* The shipper relied on "anonymous standard forms" referring to the "owner" and "shipowner" to establish a reasonable belief that the bills of lading were issued with the authority of the vessel owner. *Id.* The court concluded that "this evidence alone did not justify Cactus in believing that the bills of lading were issued by an agent authorized to do so on behalf of Orient, the vessel owner." *Id.* In finding no agency, the court stated there was no evidence that the charterer had actual authority to issue bills of lading for the vessel owner. *Id.*

In the present case, Gerber has not presented any evidence that Antilles had actual or apparent authority to bind Zukiteria by the standard form language on the back of the bill of lading. *Id. See generally, Asarco, Inc. v. Glenara, Ltd.,* 912 F.2d 784, 786–87 (5th Cir.1990).

The linear booking note also fails to create a genuine issue of fact as to whether Zukiteria was a party to the contract. The linear booking note identifies the carrier as:

> Antilles Lloyd Ltd.
> c/o Gulf Ship Marine
> 515 World Trade Center
> New Orleans, La. 70130

(# 15, Ex. A, ¶ 3). Gerber is listed as the merchant. (# 15, Ex. A, ¶ 4). Zukiteria is not specifically mentioned in the linear booking note. Nor has Gerber produced any other evidence, such as an affidavit from the person negotiating the carriage, that Zukite-

ria was a contracting party. *Cf. Cardinal Shipping Corp. v. M/S Seisho Maru*, 744 F.2d 461, 473 (5th Cir.1984).

This Court finds that Zukiteria's motion for summary judgment must be granted and that Zukiteria should be dismissed.