Johnnie LEONARD, Sr.,
Plaintiff-Appellant,

v.

DIXIE WELL SERVICE & SUPPLY, INC., et al., Defendants-Appellees.

No. 86-3487.

United States Court of Appeals,
Fifth Circuit.

Sept. 29, 1987.

---

Gothard J. Reck, Hugh C. Uhalt, New Orleans, La., for plaintiff-appellant.

Ronald A. Johnson, Sidney W. Degan, III, New Orleans, La., for Robert Murry Collins, et al.

Antonia E. Papele, Jr., Metairie, La., Terrence C. Forstall, Julianne Owens, New Orleans, La., David K. Persons, Metairie, La., for Mission Ins. Co.

J. Clifton Hall, III, New Orleans, La., for Dixie Well.

Robert I. Siegel, New Orleans, La., for Nat. Union.

Before RUBIN, GARZA and JOLLY, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Leonard sued his former employer, Dixie Well Service and Supply, Inc., and its insurers under the Jones Act[1] to recover damages for personal injuries sustained in the course of his employment. Concluding that Leonard did not qualify as a Jones Act seaman, the district court granted Dixie Well's motion for summary judgment. Because Leonard raised a genuine issue of fact as to his status under the Jones Act, we reverse.

## I.

Dixie Well services and maintains oil production facilities in offshore Louisiana waters. From December 8, 1981, through June 2, 1983, the corporation employed Leonard as a "roustabout" or general laborer. His duties included work both on land and offshore on fixed platforms and drilling vessels. Leonard alleges that, while chipping and painting one of Dixie Well's crewboats which had been temporarily removed from service and cradled on land for regular maintenance, he tripped over a discharge hose and fell to the ground approximately ten feet below, injuring his lower back.

Attributing his injuries to Dixie Well's negligence and to the vessel's unseaworthiness, Leonard sued the corporation and its insurers under the Jones Act and, in the alternative, under the Longshore and Harbor Workers' Compensation Act (LHWCA).[2] Dixie Well moved for dismissal of the LHWCA § 905(b) claim for lack of subject matter jurisdiction. The district court granted this motion, reasoning that, because the alleged accident occurred on land, outside the court's admiralty jurisdiction, the claim was not cognizable under § 905(b). Leonard does not appeal this part of the decision.

The district court also granted Dixie Well's motion for summary judgment on the Jones Act claim. Identifying the issue as whether Leonard qualified as a "seaman" under the statute,[3] the court found "unassailable" Dixie Well's analysis and summary of its contemporaneous business records showing that Leonard spent 81.61% of his time on work unrelated to vessels and so was not a seaman. The court contrasted defendant's "impressive and comprehensive review" of its record with the "inaccurate and imprecise recollections" of Leonard and his co-workers, who claimed, in deposition testimony and affidavits, that Leonard had worked a substantial part, as much as 70%, of his time aboard vessels. Finding defendant's evidence more credible than plaintiff's, the district judge concluded that Leonard had failed to establish a genuine issue of fact as to his status as a Jones Act seaman and that, therefore, trial was unnecessary.

## II.

Federal Rule of Civil Procedure 56(c) permits summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Recent Supreme Court decisions have clarified the standard for determining whether parties have raised a

---

1. 46 U.S.C. § 688.

2. 33 U.S.C. § 905(b).

3. The Jones Act provides:

Any *seaman* who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located. 46 U.S.C. § 688 (emphasis added).

genuine issue of fact:[4] "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial,'"[5] thus mirroring the criterion for directing a verdict under Rule 50(a). As the Court said in *Celotex Corp. v. Catrett*, "one of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."[6] In deciding the genuine-issue-of-fact question, a judge may require parties making an "implausible" claim to "come forward with more persuasive evidence to support their claim than would otherwise be necessary" to avoid summary judgment.[7] Moreover, once the movant has "inform[ed] the district court of the basis of its motion and identifi[ed] those portions of [the record] ... which it believes demonstrate the absence of a genuine issue of material fact," the burden shifts to the non-movant "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[8] A sufficient showing cannot rest on "mere allegations or denials" in the pleadings, but must set forth "specific facts" that establish an issue for trial.[9]

▇▇▇ The Supreme Court has not, however, approved summary judgments that rest on credibility determinations. In the very cases encouraging use of summary judgment as an "integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action,'"[10] the Court reminds district judges not to invade the role of the jury:

> Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.[11]

The district judge erred in basing his decision on finding Dixie Well's documentary evidence inherently more "reliable" or "accurate" than Leonard's and his co-workers' testimony and sworn statements from memory. The party opposing a motion for summary judgment, with evidence competent under Rule 56, is to be believed; it is for the jury at trial, not for the judge on a pretrial motion, to decide whose evidence is more credible. A judge assessing the "persuasiveness" of evidence presented on a motion for summary judgment may discount such evidence as unspecific or immaterial, but not as unbelievable.

### III.

Reversal is inappropriate if the district court decision can be affirmed on alternative grounds.[12] Dixie Well asserts two alternative bases for affirmance: (1) Leonard failed to present competent evidence specific enough to qualify him as a Jones Act seaman; and (2) whatever evidence Leonard presented tending to show that he was a seaman is immaterial under our decision in *Pizzitolo v. Electro-Coal Transfer Cor-*

---

4. See *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552–55, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510–12, 91 L.Ed.2d 202 (1986).

5. *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1356 (quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968)).

6. 477 U.S. at ——, 106 S.Ct. at 2553.

7. *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1356.

8. *Celotex*, 477 U.S. at ——, 106 S.Ct. at 2553. See also *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194–98 (5th Cir.1986).

9. Fed.R.Civ.P. 56(e); *Anderson*, 477 U.S. at ——, 106 S.Ct. at 2510.

10. *Celotex*, 477 U.S. at ——, 106 S.Ct. at 2555 (quoting Fed.R.Civ.P. 1).

11. *Anderson*, 477 U.S. at ——, 106 S.Ct. at 2513.

12. *Johnson v. McCotter*, 803 F.2d 830, 834 (5th Cir.1986).

*poration*[13] because he was covered by the LWHCA and hence disqualified from coverage under the Jones Act as a matter of law.

In *Offshore Company v. Robison,*[14] Judge Wisdom articulated the now traditional test for deciding whether a plaintiff's case under the Jones Act should go to the jury. The injured worker must have been "assigned permanently to a vessel ... or performed a substantial part of his work on the vessel," and his work must have "contributed to the function of the vessel or to the accomplishment of its mission or to the operation or welfare of the vessel in terms of its maintenance."[15] Sitting en banc, this court recently reviewed the requirements for qualification under the Jones Act and held that, unless a worker's "permanent job assignment" changed before the injury, the relevant time period for assessing his status as a seaman was the entire course of his employment with his current employer.[16] Thus, to merit trial of his Jones Act claim, Leonard must have brought forward evidence, competent under Rule 56, showing that, during his eighteen months with Dixie Well, he "performed a substantial part of his work" on vessels.

■ Much of Leonard's proferred evidence is incompetent under Rule 56. Affidavits, like Leonard's, setting forth ultimate facts or conclusions of law can neither support nor defeat a motion for summary judgment:[17] his assertions that he was a "seaman" or "member of the crew" or "contribut[ed] to the mission and function of vessels" avail him nothing. Affidavits must be based on personal knowledge, setting forth facts admissible in evidence.[18] A fellow employee's statement that "it was common knowledge of shop employees that

Johnnie Leonard and others were being taken offshore on vessels" fails as hearsay. Finally, evidence intended to raise a genuine issue of fact must be specific.[19] Two of Leonard's co-workers state that, while they worked with Leonard, his primary duties were those of a "deck-hand," but they fail to say how long or often they worked with him. Without reference to time, their assertions are not specific enough to counter Dixie Well's well supported motion.

■ Leonard does, however, present some evidence competent under Rule 56 to raise a genuine issue for trial. In his deposition, he testified that he spent approximately 80% of his working time offshore, partly on fixed platforms or as a passenger on his way to and from the platforms, activities that do not qualify him as a Jones Act seaman,[20] but primarily, as much as 70% of his total time, working off the deck of a jack-up boat, a seaman's activity. This testimony, accepted as true as it must be on a motion for summary judgment, provides a specific counter, by a party with "personal knowledge" of how his own time was spent, to Dixie Well's evidence that Leonard worked on vessels less than 17% of his time. The resulting factual dispute precludes a grant of summary judgment.

■ Dixie Well objects on this appeal to use of Leonard's deposition testimony because the deposition was never filed and made part of the record in the district court. They contend that, because of this failure, Rule 7.4 of the Rules of the United States District Court for the Eastern District of Louisiana forbids reference to the deposition. That rule provides:

If interrogatories, requests, answers, responses or depositions are to be used at trial or are necessary to a pre-trial mo-

---

**13.** 812 F.2d 977 (5th Cir.1987).

**14.** 266 F.2d 769 (5th Cir.1959).

**15.** *Id.* at 779.

**16.** *Barrett v. Chevron, U.S.A., Inc.,* 781 F.2d 1067, 1076–77 (5th Cir.1986) (en banc). I adhere to my dissenting opinion in *Barrett* but recognize that this panel is bound by that decision.

**17.** *Galindo v. Precision American Corp.,* 754 F.2d 1212, 1216 (5th Cir.1985).

**18.** Fed.R.Civ.P. 56(e).

**19.** *Id.*

**20.** *See Munguia v. Chevron Co., U.S.A.,* 768 F.2d 649 (5th Cir.1985), *cert. denied,* 475 U.S. 1050, 106 S.Ct. 1272, 89 L.Ed.2d 580 (1986).

tion which might result in a final order on any issue, the portions to be used shall be filed with the Clerk at the outset of the trial or at the filing of the motion insofar as their use can be reasonably anticipated.

Neither the Eastern District of Louisiana nor this court has ever addressed the meaning of this rule, but we have, of course, regularly decided whether to consider on appeal evidence missing from the record below. When parties produce on appeal evidence never presented in any form to the district court, this court will not admit the evidence.[21] When, however, the evidence sought to be introduced here was presented to the district court, although not properly filed, this court may, in its discretion, consider the evidence.[22]

█ In this case, both Leonard and Dixie Well quoted directly from Leonard's deposition in their motions opposing and supporting summary judgment, and the district court referred in its opinion to Leonard's deposition testimony. Thus, the relevant portions of the deposition, the same ones relied on by the parties on appeal, were before the district court. Moreover, neither party objected below to the other's use of testimony from the unfiled deposition. We therefore follow our decision in *Waquespack v. Aetna Life & Casualty Company*, a case also on appeal from the Eastern District of Louisiana, that "the deposition may properly be considered on appeal because of [the parties'] . . . consistent reliance on [the] . . . deposition testimony in the district court and this court."[23]

█ We turn now to the argument that Leonard was ineligible for Jones Act status. In *Pizzitolo*,[24] this court held that an electrician who spent 75% of his time maintaining and repairing shore-based machinery and 25% replacing or repairing equipment on vessels could not recover under the Jones Act for injuries sustained while working on a ship. Rather than analyze Pizzitolo's status as a seaman under the tests set forth in *Robison*[25] and *Barrett*,[26] the court disqualified Pizzitolo for Jones Act status by demonstrating that he was qualified under the LHWCA and that the two statutes were meant to be mutually exclusive: If Pizzitolo could recover under the LHWCA, he could not recover under the Jones Act. Drawing on *Pizzitolo*, Dixie Well maintains that Leonard is covered by the LHWCA[27] and so disqualified as a Jones Act plaintiff.

Following the *Pizzitolo* analysis, the traditional tests for seaman status become "unnecessary" only when the "employee is engaged in an occupation expressly enumerated in the [Longshore and Harbor Workers' Compensation] Act."[28] Section 902(3) of the Act defines "employee" as "any person engaged in maritime employment, including any longshoreman or other person engaged in longshoring operations, and any harbor-worker including a ship repairman, shipbuilder, and ship-breaker" but *excluding* "a master or member of a crew of any vessel,"[29] the prototypical Jones Act plaintiff. The *Pizzitolo* court described Pizzitolo as a "ship repairer,"[30] and, indeed, the parties did not dispute that he spent three-quarters of his time on shore. Under these circumstances, it is not surprising that he was eligible for LHWCA but not for Jones Act coverage. In this case, on the contrary, the factual dispute centers on Leonard's job description: Dixie

**21.** *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1174 (5th Cir.1985); *Kemlon Products and Development Co. v. United States*, 646 F.2d 223, 224 (5th Cir.1981); *Scarborough v. Kellum*, 525 F.2d 931, 933 (5th Cir.1976).

**22.** *Waquespack v. Aetna Life & Cas. Co.*, 795 F.2d 523, 525 (5th Cir.1986), *cert. denied*, — U.S. —, 107 S.Ct. 1309, 94 L.Ed.2d 163 (1987); *McDaniel v. Travelers Ins. Co.*, 494 F.2d 1189, 1190 (5th Cir.1974).

**23.** 795 F.2d at 525.

**24.** 812 F.2d 977.

**25.** 266 F.2d 769.

**26.** 781 F.2d 1067.

**27.** 33 U.S.C. §§ 902(3), 903(a).

**28.** 812 F.2d at 983.

**29.** 33 U.S.C. § 902(3).

**30.** 812 F.2d at 979.

 

Well claims he spent over 80% of his time on shore and so qualifies under the LHWCA; Leonard claims that he spent approximately 70% of his time as a Jones Act crew member aboard vessels. Because this dispute can no more be resolved "as a matter of law" under *Pizzitolo* than under *Robison* or *Barrett*, the grant of summary judgment must be reversed.

### IV.

For these reasons, we REVERSE the district court grant of summary judgment and REMAND the case.