This issue need not be addressed given the Court's holding that plaintiff's franchise was properly terminated by Shell.

An appropriate Order will be entered.

**Buddy KETNOR, et al.,**

v.

**AUTOMATIC POWER, INC., et al.**

**Civ. A. No. 87–679.**

United States District Court,
E.D. Louisiana, M.D.

Nov. 10, 1987.

Dan C. Garner, New Orleans, La., for plaintiffs.

Wood Brown, III, New Orleans, La., for defendants.

BEER, District Judge.

This matter came on for hearing on October 21, 1987, on motion of defendant, Automatic Power, for summary judgment. At issue is plaintiff's status under the Jones Act, 46 U.S.C. § 688.

Plaintiff was employed by defendant as a service technician. His duties were to check and repair navigational aids (lights and horns) on oil and gas wells in the Gulf of Mexico and inland waters of Louisiana. He was allegedly injured on the job when the platform on which he was located exploded.

Ketnor's job required that he reach the platforms aboard one of three small boats maintained by his employer. He inspected various navigational aids, including certain lighted fixtures aboard the rigs, spending approximately 75% of his time aboard the various structures tending to the aids and 25% of his time on the boats going from rig to rig. His duties did not include cleaning the boats, working on boat's engines or navigating it. He did clean the deck of one boat one time and changed the battery on one of the boats on a couple of occasions. He would sometimes assemble and/or repair the navigation aids from rigs while he was on one of the boats going from rig to rig. Part of his job was to complete the paper work on each platform and this was sometimes done on the boat. Plaintiff had just finished "writing up a well" that he had serviced, when he disembarked onto the well in question.

Defendant claims that plaintiff is not a Jones Act seaman. Defendant contends that plaintiff utilized the boats merely for transportation, and that he had no regular part of his work duties aboard any particu-

lar boat, nor was he assigned to any particular vessel.

In *Barrett v. Chevron USA, Inc.*, 781 F.2d 1067 (5th Cir.1986), the Fifth Circuit, sitting en banc, noted:

"The status determination as a whole, is an inherently factual question, and, as our cases since [*Offshore Co. v.*] *Robison* [266 F.2d 769 (5th Cir.1959)] make clear, it is generally a question for the factfinder. ... however, that status may be determined by summary judgment in the appropriate situation. Thus, we have held that where the facts establish beyond question as a matter of law (lack of seaman's status) ... a court ... may, in the proper case, hold that there is no reasonable evidentiary basis to support a jury finding that the injured person is a seaman ... under the Jones Act. Similarly, when the evidence can lead to the conclusion that the injured person was a crew member, summary judgment declaring his status is proper."

*Id.* at 1074.

The defendants must demonstrate a "complete absence of probative facts" in support of the plaintiff's status as a seaman to prevail on such a motion. *Springborn v. American Commercial Barge Lines, Inc.*, 767 F.2d 89 (5th Cir.1985).

"Moreover, once the movant has 'inform[ed] the district court of the basis of its motion and identifi[ed] those portions of [the record].... which it believes demonstrate the absence of a genuine issue of material fact', the burden shifts to the nonmovant 'to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); see also *Leonard v. Dixie Well Service & Supply, Inc.*, 828 F.2d 291 (5th Cir.1987).

The Fifth Circuit in *Barrett* reiterated the test set forth in *Offshore Co. v. Robison*, 266 F.2d 769, 775 (5th Cir.1959) for determination of seaman status: 1. whether the worker was assigned permanently to a vessel or performed a substantial portion of his work on the vessel, and 2. if the capacity in which he was employed or the duties which he performed contributed to the function of the vessel or to the accomplishment of its mission, or to the operation or welfare of the vessel in terms of its maintenance during its movement or during anchorage for future trips. 781 F.2d at 1072.

Barrett was not permanently assigned to the vessel. However, the Court concluded that if a worker was not permanently assigned to a vessel or identifiable fleet of vessels, he could be found to be a seaman if a substantial amount of his work was performed aboard a vessel or identifiable fleet of vessels:

"... it must be shown that (the claimant) performed a significant part of his work aboard the vessel with at least some degree of 'regularity and continuity', which 'evinced a vessel relationship that is substantial in point and time and not merely spasmodic.' (This reflects) 'more than a transitory connection' with a vessel or a specific group of vessels ..."

*Id.*, at 1073 citing *Davis v. Hill Engineering, Inc.*, 549 F.2d 314 (5th Cir.1977). *See also, Pickle v. International Oilfield Divers, Inc.*, 791 F.2d 1237, 1239 (5th Cir.1986).

In the case at bar, plaintiff can be said to have been "permanently attached" to defendant's fleet of vessels (three boats acting under one control). However, the question of whether or not, in his capacity as a service technician, he "contributed to the function of the vessel or to the accomplishment of its mission, or to the operation or welfare of the vessel in terms of its maintenance during its movement of during anchorage for future trips" must be determined "in the context of his entire employment with his employer". 781 F.2d at 1075.

Ketnor only spent approximately 25% of his work time aboard vessels and 75% on land or fixed structures. In his deposition, he states that he would sometimes write up a log of his servicing activities aboard the rig. However, this occasional activity did not contribute to the function of the vessel, to its operation, welfare, or to the accom-

plishment of its mission. Plaintiff was merely a passenger on the boat. He utilized the boat merely for transportation to and from various rigs on which he worked. It is well established that this activity does not qualify him as a seaman under the Jones Act. *See Munguia v. Chevron Co., U.S.A.*, 768 F.2d 649 (5th Cir.1985), cert. denied, 475 U.S. 1050, 106 S.Ct. 1272, 89 L.Ed.2d 580 (1986). *Leonard v. Dixie Well Service & Supply, Inc.*, 828 F.2d 291 (5th Cir.1987).

Since plaintiff would bear the burden of proving the existence of seaman status at trial, it has the burden to demonstrate "the existence of an element essential to [this issue]" *Celotex*, supra. Plaintiff has not sustained its burden of coming forth with evidence sufficient to establish existence of a genuine issue of material fact to be tried.

Defendants have demonstrated a "complete absence of probative facts" in support of their position. *Springborn*, supra. Therefore, the motion for summary judgment is GRANTED. Counsel for the defendant will prepare a judgment in accordance with these findings.