James COE

v.

**L & L SANDBLASTING, INC., et al.**

Civ. A. No. 85–1001.

United States District Court,
W.D. Louisiana,
Monroe Division.

Oct. 19, 1988.

Genuine issue of material fact, as to whether Jones Act plaintiff had seaman status precluded summary judgment in suit for maintenance and cure; both parties presented conflicting affidavits in support of their respective motions for summary judgment as to the plaintiff's status as a seaman. Jones Act, 46 U.S.C.A.App. § 688.

Robert K. Guillory, Lafayette, La., for plaintiff.

Pucheu & Pucheu, Jacque B. Pucheu, Jr., Eunice, La., and Christovich & Kearney, Paul G. Preston, New Orleans, La., for L & L Sandblasting, Inc. and Shell Oil Co. Offshore, Inc.

Scofield, Bergstedt, Gerard, Mount & Veron, and Rudie R. Soileau, Jr., Lake Charles, La., for Ins. Co. of N. America.

Abbott, Webb, Best & Meeks, Laurence E. Best and W. Patrick Klotz, Jr., New Orleans, La., for Elevating Boats, Inc.

Mathews, Atkinson, Guglielmo, Marks & Day, Baton Rouge, La., for Louisiana Ins. Guar. Assn. (Judith R. Atkinson, Thomas E. Balhoff, and Carey J. Guglielmo, of counsel).

MEMORANDUM RULING

WALTER, District Judge.

Plaintiff brought this Jones Act suit for damages and maintenance and cure as a result of injuries he allegedly suffered while working aboard a jack-up barge in navigable waters in the Gulf of Mexico off the Louisiana coast. One of the named defendants, L & L Sandblasting, Inc. ("L & L"), plaintiff's employer, moved for summary judgment on the basis that plaintiff was not a seaman and was not covered by the Jones Act at the time of this action. This Court granted L & L's motion for summary judgment on July 27, 1988. Thereafter, plaintiff moved to recall, rescind and reconsider this Court's summary judgment order, which motion is now before this Court. The Court heard oral arguments on this motion on October 7, 1988.

The basis for plaintiff's motion to reconsider this Court's grant of summary judgment is the fact that the Court did not consider plaintiff's response to L & L's motion for summary judgment when it made its original decision. Having reviewed the response and opposition of plaintiff, as well as the arguments made orally before this Court, and reviewing the affidavits and employment records of the plaintiff submitted in support of his motion to reconsider and L & L's opposition to this motion, this Court now rescinds its original order granting summary judgment to L & L, and further denies plaintiff's own pending motion for summary judgment.

The test for sending to the jury the determination of seaman status was recently restated by the Fifth Circuit in *Barrett v. Chevron, U.S.A., Inc.*, 781 F.2d 1067 (5th Cir.1986) (en banc). The court said:

"There is an evidentiary basis for a Jones Act case to go to the jury: (1) If there is evidence that the injured workman was assigned permanently to a vessel ... or performed a substantial part of

his work on the vessel; and (2) if the capacity in which he was employed or the duties which he performed contributed to the function of the vessel or to the accomplishment of its mission, or to the operation or welfare of the vessel in terms of its maintenance during its movement or during anchorage for its future trips."

*Id.* at 1072.

It is important to stress that the issue presently before this Court is not whether either party has proven that the plaintiff was or was not a seaman, but rather whether there is an *evidentiary basis* for the plaintiff's claim of seaman status so as to allow this case to go to the jury. In *Leonard v. Dixie Well Service & Supply, Inc.,* 828 F.2d 291 (5th Cir.1987), the court reminded district judges:

> "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he ruling on a motion for summary judgment or for a directed verdict. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."

*Id.* at 294, citing *Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

L & L contended in its original motion for summary judgment, as it now contends, that plaintiff was not assigned permanently to a vessel or a fleet of vessels, as required under the Fifth Circuit test of *Barrett v. Chevron, U.S.A., Inc.,* and *Bertrand v. International Mooring & Marine, Inc.,* 700 F.2d 240 (5th Cir.1983). In support of its contentions, L & L has put forth employment records and affidavits which show that the plaintiff worked on many different vessels in the course of his employment with L & L, that he was not permanently assigned to any one vessel, and that he did not perform substantial work upon a vessel.

If gone uncontradicted, this evidence would tend to establish L & L's position. However, the plaintiff, in his own affidavit, attests that he was solely and exclusively assigned as a crew foreman aboard the M/V Sudser, that the Sudser is a self-propelled vessel used solely and exclusively for sandblasting, and that he performed substantial work aboard the Sudser, and that he did aid in the navigation of the vessel as it accomplished its mission.

It is important to recall that this Court does not, and cannot, weigh the credibility of the various pieces of evidence which have been offered by the parties. It is sufficient to note that these affidavits and employment records are in conflict and have created genuine issues of fact which must go to the jury. Therefore, plaintiff's motion to reconsider this Court's order granting summary judgment is granted. Defendants' motion for summary judgment is, upon reconsideration, denied. Plaintiff's second motion for summary judgment on the question of seaman status is also denied.