**Stewart L. JONES, Plaintiff,**

v.

**The ADAM'S MARK HOTEL, et al., Defendants.**

Civ. A. No. H–92–1306.

United States District Court,
S.D. Texas,
Houston Division.

Aug. 16, 1993.

Stewart L. Jones, pro se.

James N. Foster, Jr., McMahon Berger Hanna Linihan Cody & McCarthy, St. Louis, MO, Laura A. O'Connell, Houston, TX, for defendants Adams Mark Hotel, Elain Brown, Steven Musatto, James Kehoe, Isidro Guerra and Andre Voytko.

## MEMORANDUM AND ORDER

ROSENTHAL, District Judge.

Plaintiff Stewart L. Jones ("Jones") has sued the Adams Mark Hotel and a number of its individual employees ("defendants"), asserting claims arising out of his termination on March 22, 1992, from his employment as a security officer for the hotel. The claims include violations of federal civil rights statutes based on alleged racial discrimination; violations of Texas statutes; defamation; libel; and intentional infliction of emotional distress. Defendants have filed a motion for summary judgment, seeking a dismissal of all claims as a matter of law. (Docket Entry No. 32) Plaintiff Jones has filed a number of motions, many of which seek pleading amendments and additional discovery before this court rules on the summary judgment motion. (Docket Entries No. 34, 35, 37, and 41).

For the reasons stated below, this court grants defendant's motion for summary judgment as to plaintiff's federal claims and dismisses plaintiff's pendant state law claims for want of subject matter jurisdiction. The court therefore denies without prejudice plaintiff's additional motions as moot.

1. **Defendants' Motion for Summary Judgment and Plaintiff's Motion to Strike Defendants' Motion for Summary Judgment**

Plaintiff asks the court to defer ruling on the summary judgment motion to allow plaintiff to complete his discovery. Plaintiff accuses defendants of providing incomplete discovery responses, but does not state any specific areas relevant to the summary judgment motion in which he needs more discovery before he can fairly respond. Because defendants' summary judgment motion can be addressed without any additional discovery, this court will not defer the motion.

a. **Standard for Dismissal and for Summary Judgment**

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. If the evidence rebutting the motion for summary judgment is only colorable or not significantly probative, summary judgment should be granted. *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2511; see *Lewis v. Glendel Drilling Co.,* 898 F.2d 1083, 1088 (5th Cir.1990), *cert. denied,* —— U.S. ——, 112 S.Ct. 171, 116 L.Ed.2d 134 (1991).

Under Fed.R.Civ.P. 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue for trial." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 88 L.Ed.2d 538 (1986); *Leonard v. Dixie Well Serv. & Supply, Inc.,* 828 F.2d 291, 294 (5th Cir. 1987).

Where the moving party has met its Rule 56(c) burden, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts ... [T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita,* 475 U.S. at 586–87, 106 S.Ct. at 1356 (quoting Fed.R.Civ.P. 56(e)) (emphasis in original); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Leonard,* 828 F.2d at 294. To sustain the burden, the nonmoving party must produce evidence admissible at trial. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2514; *Thomas v. Price,* 975 F.2d 231, 235 (5th Cir.1992) ("To avoid a summary judgment, the nonmoving party must adduce admissible evidence which creates a fact issue...."). In deciding a summary judgment motion, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his

favor." *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513. If reasonable minds can differ regarding a genuine issue of material fact, summary judgment should not granted. *Anderson,* 477 U.S. at 250–51, 106 S.Ct. at 2511.

### b. Section 1983

■ Plaintiff's complaint alleges in the First, Third, and Fifth Cause of Action that the defendant employees Musatto, Kehoe, and Voytko violated 42 U.S.C. § 1983. As a matter of law, Jones is not entitled to relief under this statute, and this claim is dismissed.

Plaintiff's complaint, consisting of 43 pages of detailed factual allegations and legal conclusions, does not allege that these defendants' conduct was "under color of any statute ... of any state." *Adickes v. SH Kress & Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970); *Resident Council of Allen Parkway Village v. U.S. Dep't of Housing and Urban Dev.,* 980 F.2d 1043 (5th Cir.1993), *petition for cert. filed,* 61 USLW 3836 (U.S. May 27, 1993) (No. 92–1905). On its face, and accepting all factual allegations in the complaint as true, *Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972), plaintiff Jones fails as a matter of law to state a claim under 42 U.S.C. § 1983. Considering the applicable law and the facts pled in this case, the court finds that it could not grant relief to plaintiff under § 1983 under any reading of the facts. Accordingly, that claim is dismissed.

### c. Section 1985

Plaintiff contends that the actions allegedly taken by defendants Musatto, Kehoe, and Voytko denied plaintiff's equal protection and due process rights and that he is entitled to recover under 42 U.S.C. § 1985. That statute states as follows:

> If two or more persons in any State or Territory conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; ... if one or more persons engaged therein do, or cause to be done, any act in furtherance

of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by each injury or deprivation, against any one or more of the conspirators.

■ In order to state a claim under section 1985(3), plaintiff must establish the following essential elements:

(1) a conspiracy;

(2) formed for the purposes of depriving another of equal protection or equal privileges and immunities;

(3) an act in furtherance of the conspiracy committed or caused to be committed by a conspirator; and

(4) that plaintiff was injured in his or her person or property or deprived of a right or privilege as a United States citizen.

*Griffin v. Breckenridge,* 403 U.S. 88, 102–03, 91 S.Ct. 1790, 1798–99, 29 L.Ed.2d 338 (1971).

■ Defendants Musatto, Kehoe and Voytko are all employees of the defendant hotel. For purposes of section 1985, all the actions allegedly taken by the employees are considered to have been taken by the same collective entity. *Hull v. Cuyahoga Valley Joint Vocational School District,* 926 F.2d 505 (6th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 2917, 115 L.Ed.2d 1080 (1991). In *Chambliss v. Foote,* 421 F.Supp. 12, 15 (E.D.La.1976), *aff'd,* 562 F.2d 1015 (5th Cir. 1977) the court concluded that university officials constituted a single entity that could not conspire with itself and that the plaintiff failed to allege a conspiracy under Section 1985. *Accord, Moody v. Jefferson Parish School Board,* 803 F.Supp. 1158, 1166 (E.D.La.1992); *Hawkins v. Dallas Independent School District,* 698 F.Supp. 1323, 1330 (N.D.Tex.1988). Because plaintiff has failed to allege or establish a claim under section 1985, the summary judgment motion is granted. Because no relief could be granted

to plaintiff under section 1985 under any reading of the facts, this claim is dismissed.

#### d. Pendant State Law Claims

 Plaintiff Jones has also alleged a variety of state law claims, including negligent infliction of emotional distress, intentional infliction of emotional distress, defamation, and libel, as well as claims under the Texas constitution, the Texas Human Rights Act, and Tex.Civ.Code Ann., Art. 5196g. The general rule is that state claims should be dismissed once the federal claims that were the basis for federal jurisdiction are dismissed. *Parker & Parsley Petroleum v. Dresser Ind.*, 972 F.2d 580, 585 (5th Cir. 1992). The factors to be addressed in determining whether to retain jurisdiction once the federal claims have been disposed of are judicial economy, convenience, fairness, federalism, and comity. *See, e.g., Newport Ltd. v. Sears, Roebuck & Co.*, 941 F.2d 302, 307 (5th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 1175, 117 L.Ed.2d 420 (1992); *Parker & Parsley Petroleum v. Dresser Ind.*, 972 F.2d 580, 585 (5th Cir.1992).

This case is set for docket call on August 27, 1993, more than one month away. This court has no substantial familiarity with this case, having only conducted one conference with the parties, a scheduling conference on December 11, 1992. This court is not so intimately involved with this case that proceeding further in federal court will prevent redundancy and conserve substantial resources. *Parker,* 972 F.2d at 587.

Furthermore, although the discovery and motions deadline passed on June 30, plaintiff has requested additional discovery and filed a motion to amend his pleadings. Because the case is not yet ready for trial, and the federal claims have been dismissed, this court declines to exercise jurisdiction over the pendant state law claims. *See Parker,* 972 F.2d at 587. Plaintiff's state law claims are therefore DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

#### FINAL JUDGMENT

In accordance with the Court's Order of even date, this action is DISMISSED.

All pending motions are denied as moot.

THIS IS A FINAL JUDGMENT.