**Gerard O'HARA and Lisa O'Hara, Plaintiffs,**

v.

**WEEKS MARINE, INC. and Collazo Contractors Inc., Defendants.**

No. CV–94–4322.

United States District Court, E.D. New York.

June 12, 1996.

Paul C. Matthews, New York City, for plaintiffs.

Louis M. Rohrberg, Rohrberg & Associates, New York City, for defendants.

**1.** Collazo Contractors has not submitted any pa-

## MEMORANDUM AND ORDER

GLASSER, District Judge.

### SUMMARY

Plaintiffs Gerard O'Hara and Lisa O'Hara have brought this suit under the Jones Act, 46 U.S.C.App. § 688 et seq., the general maritime law, and the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq., for injuries sustained by Gerald O'Hara ("O'Hara") while performing work at the Staten Island Ferry pier on September 17, 1991. On that date, O'Hara was employed by defendant Collazo Contractors, a subcontractor of defendant Weeks Marine engaged in rebuilding, restoring, and repairing the stone bulkheads and timber piles on the Staten Island wharfs. Weeks Marine 3(g) Statement ¶¶ 1–3.

Presently before the Court is Weeks Marine's motion for summary judgment on plaintiffs' Jones Act claims, on the grounds that O'Hara does not meet the definition of a "seaman" on a "vessel in navigation" as required to recover under this Act.[1] The Court heard oral argument on this motion on December 22, 1995, but, at the suggestion of counsel, reserved decision pending the Second Circuit's opinion in a similar case, *Tonnesen v. Yonkers Contracting Co.*, 82 F.3d 30 (2d Cir.1996). The recent decision in *Tonnesen* informs resolution of this motion.

### DISCUSSION

■ The Jones Act provides a cause of action in negligence for any seaman injured in the course of his employment. The Act does not define the term "seaman," and the meaning of the term has been extensively litigated. Recently, in a concerted effort to extricate itself from the labyrinth it created in this area of the law, the Supreme Court fixed upon two requirements that must be met for a worker to recover as a seaman under the Jones Act. *See Chandris, Inc. v. Latsis,* —— U.S. ——, 115 S.Ct. 2172, 132 L.Ed.2d 314 (1995). First, the worker's duties must contribute to the function of a vessel or to the accomplishment of its mission. Second, the worker must have a connection to a vessel in navigation that is sub-

pers in connection with this motion.

stantial in terms of both its duration and its nature. *Chandris*, at ——, 115 S.Ct. at 2190.

■ Applying and further clarifying the Supreme Court's decision in *Chandris*, the Second Circuit in *Tonnesen v. Yonkers Contracting Co., Inc.*, 82 F.3d 30 (2d Cir.1996), espoused a three factor test for determining when summary judgment is warranted on the question of whether a floating structure qualifies as a "vessel in navigation." This test considers (1) whether the structure was being used primarily as a work platform during a reasonable period of time immediately preceding plaintiff's accident; (2) whether the structure was moored or otherwise secured at the time of the accident; and (3) whether, despite being capable of movement, any transportation function performed by the structure was merely incidental to its primary purpose of serving as a work platform. *Tonnesen*, 82 F.3d at 36. The Second Circuit's test, unlike the more commonly used test developed by the Fifth Circuit, does not consider the original purpose for which the structure was constructed; rather, the Second Circuit's test focuses solely on the purpose for which the structure was being used at the time of the injury. *Id.*

■ Given that the question of a vessel's status as a "vessel in navigation" or a maritime worker's status as a "seaman" is generally a fact specific inquiry, and that the purpose behind the Jones Act was to provide an expansive remedy for seamen, the courts have generally held that "even marginal claims are properly left for a jury's determination." *Tonnesen v. Yonkers Contracting Co., Inc.*, 82 F.3d at 33 (citing cases). Nevertheless, to defeat a motion for summary judgment made under Fed.R.Civ.P. 56(c), the nonmoving party must "designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Conclusory allegations unsupported by factual data cannot raise a genuine issue for trial, and affidavits setting forth ultimate facts or conclusions of law can neither support nor defeat a motion for summary judgment. *See Leonard v. Dixie Well Svc. & Supply, Inc.*, 828 F.2d 291, 293 (5th Cir.1987) (holding that plaintiff's "assertions that he

was a 'seaman' or 'member of the crew' or 'contributed to the mission and function of vessels' avail him nothing" for purposes of defeating summary judgment motion).

■ Careful analysis of the facts asserted in the parties' submissions indicates that they are not materially in dispute. The movant, Weeks Marine, had subcontracted with plaintiff's employer, Collazo Contractors, Inc., to rebuild, repair and restore stone bulkheads and timber piles at the Ferry Maintenance Facility in Staten Island, New York. Vosseller Aff. ¶ 2. O'Hara's alleged injury occurred while he was working on a materials barge Weeks Marine had placed at the worksite. This materials barge was used to store materials and as a work platform, and, as asserted by plaintiff, to transport materials used in the pier reconstruction Weeks Marine also had on site a crane barge, used to support a crane as required to move stay in place forms necessary to rebuild the pier. *See* Weeks Marine 3(g) Statement ¶¶ 16, 17; Vosseller Aff. ¶ 5; O'Hara Aff. ¶ 5; Matthews Aff. ¶ 5. It is undisputed that the materials barge on which O'Hara's accident allegedly occurred was being used primarily as a work platform for at least a two month period prior to his accident, and the first prong of the *Tonnesen* test thus is plainly satisfied. That the facts of this case also meet the second prong of the *Tonnesen* test, namely, that the barge "was moored or otherwise secured at the time of the accident," is also undisputed.

A critical reading of the submissions readily compels the conclusion that the third prong of the *Tonnesen* test is also satisfied here. Neither the plaintiffs' 3(g) statement nor the O'Hara Affidavit permit a reading that the barge on which O'Hara was working was used "for the purpose of transportation across navigable waters." *Tonnesen*, 82 F.3d at 36. It is not disputed that the barge on which O'Hara's injury was allegedly sustained is not capable of self-propulsion but was moved to the job site by a tug boat and remained there for two months prior to the accident. Although the plaintiffs' submissions reflect a studied effort to cast this floating material storage facility as a vessel that navigates the high seas, its true function

and the full extent of its mobility is revealed in paragraph 6 of the O'Hara Affidavit, viz: "When either the crane barge or the material marge needed to be moved about the job site, we *dockbuilders* assisted in the operation, *operating deck winches and handling lines*" (emphasis added). The teaching of *Tonnesen* is peculiarly applicable to that defining paragraph.

> [I]f the Weeks 276 were not used for the purpose of transportation across navigable waters, the perpendicular and lateral movement required to reposition it along the cross bay bridge ... would be insufficient to raise a genuine issue of material fact precluding summary judgment.

82 F.3d at 36 (emphasis added).

■ Plaintiff also fails to meet the *Chandris* requirements for seaman status. O'Hara was employed by Collazo Contractors as a dockbuilder. *See* Defendant's Ex. B (Collazo Contractor's Time Log), Ex. F (O'Hara's response to Defendant's Interrogatories No. 1). His duties were to repair, restore and replace bulkhead and timber piles, and did not contribute to the function of the barge or its mission, which was to store materials and function as a work platform. O'Hara's allegation that the barges' mission was to rebuild the piers is a legal conclusion and not a fact. Thus, the first requirement of *Chandris,* that a worker's duties contribute to the function of the vessel or the accomplishment of its mission, has not been met here.

Moreover, seaman status cannot be established by any worker who fails to demonstrate that a "significant portion" of his work was done aboard a "vessel in navigation." *Chandris* at ——, 115 S.Ct. at 2190. The purpose of the requirement that a worker who wishes to avail himself of the remedies afforded by the Jones Act demonstrate a "substantial connection" to a vessel in navigation was to "separate the sea-based maritime employees who are entitled to Jones Act protection from those land-based workers who have only a transitory or sporadic connection to a vessel in navigation, and therefore whose *employment does not regularly expose them to the perils of the sea.*" *Chandris* at ——, 115 S.Ct. at 2190 (emphasis added). The decision in *Chandris* follows a long line of Supreme Court cases which emphasize that "the Jones Act remedy is reserved for sea-based maritime employees whose work regularly exposes them to *the special hazards and disadvantages to which they who go down to sea in ships are subjected.*" *Chandris* at ——, 115 S.Ct. at 2190 (quoting *Seas Shipping Co. v. Sieracki,* 328 U.S. 85, 104, 66 S.Ct. 872, 881–82, 90 L.Ed. 1099 (1946) (Stone, C.J., dissenting)) (emphasis added). *See also McDermott Int'l, Inc. v. Wilander,* 498 U.S. 337, 347, 111 S.Ct. 807, 813, 112 L.Ed.2d 866 (1991); *Norton v. Warner Co.,* 321 U.S. 565, 64 S.Ct. 747, 88 L.Ed. 931 (1944); *Warner v. Goltra,* 293 U.S. 155, 157, 55 S.Ct. 46, 47, 79 L.Ed. 254 (1934).

The facts of this case indicate that under the most simple linguistic and legal analysis plaintiff O'Hara would not and should not be considered a seaman. O'Hara was a dockbuilder, a member of the dockbuilder's union whose work platform was the barge on which he was allegedly injured, a barge which was being used as a work platform for two months prior to the accident he claims he suffered. Clearly, he did not go down to the sea in a ship. O'Hara's assertions that he was a "crew member of a crane barge" and "a maritime employee, manning a vessel or vessels in navigation" (Defendant's Ex. F, response nos. 2, 3) are patently designed to cast himself in the role of a seaman rather than a land-based worker.

The plaintiff, like Humpty Dumpty, would have "dockbuilder" and "barge" mean just what he chooses them to mean, namely "seaman" and "vessel in navigation," respectively. Notwithstanding the undisputed fact that he was employed by Collazo Contractors and not by Weeks Marine, he would press his view that he owed his allegiance to the barge and not to his land-based employer. O'Hara, a dockbuilder, or a land-based maritime worker, can scarcely be characterized as "one who lives his life upon the sea" or whose work regularly exposes him to "the special hazards and disadvantages to which they who go down to sea in ships are subjected." Unlike the fabled frog who became a prince, O'Hara did not become a seaman simply because he happened to be working on a

vessel when he was injured. *Chandris,* at ——, 115 S.Ct. at 2186.

## CONCLUSION

Because plaintiff has failed to allege facts that would demonstrate that his work involved spending substantial time aboard a vessel in navigation contributing to its function or mission, defendant's motion for summary judgment must be granted. Plaintiffs' Jones Act claims are hereby dismissed.

SO ORDERED.