# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

No. 00-60138
Summary Calendar

---

PATTY YOUNG; DEBBIE PAYNE,

Plaintiffs-Appellants,

versus

NORTH MISSISSIPPI HEALTH SERVICES INC.,
A Delaware Corporation,

Defendant-Appellee.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Norther District of Mississippi
USDC No. 1:99-CV-304-D-A
-----------------------------------------------------------------
November 15, 2000

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges:

PER CURIAM:[*]

Appellants, Patty Young and Debbie Payne, citizens of the State of Mississippi, filed a complaint, filed a complaint in federal district court against North Mississippi Health Services, Inc. (NMHS) for the wrongful death of their father. The complaint invoked diversity jurisdiction under 28 U.S.C. § 1332. In response to a motion to dismiss their complaint for lack of subject matter jurisdiction, appellants subsequently sought and were denied leave to amend their complaint to name North Mississippi Medical Center (NMMC) as the proper party defendant.

On appeal, NMHS moves this court to supplement the record with its rebuttal to appellants' response to its motion to dismiss and with an affidavit in support of that rebuttal. Where evidence was presented to the district court, although not properly filed, this court may consider the evidence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Leonard v. Dixie Well Serv. & Supply, Inc., 828 F.2d 291, 296 (5th Cir. 1987). It is clear from the record that the district court considered the documents NMHS seeks to introduce here. Therefore, NMHS' motion to supplement the record is GRANTED and appellants' motion to strike portions of NMHS' brief is DENIED.

"A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . " Fed. R. Civ. P. 15(a). A motion to dismiss is not a pleading for the purposes of Rule 15(a). The district court therefore erred in denying appellant's request to amend their complaint. However, the district court's error is harmless because the district court correctly found that it had no subject matter jurisdiction over appellants' complaint.

For a federal court to assert diversity jurisdiction, diversity must be complete: the citizenship of all of the plaintiffs must be different from the citizenship of all the defendants. Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of North Am., 841 F.2d 1254, 1258-59 (5th Cir. 1988). There is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action in federal court. Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996). NMHS supported, with affidavits from a corporate officer, its contention that both NMHS and NMMC had their principal place of business in Mississippi, thereby making NMHS and NMMC citizens of Mississippi for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1). Appellants introduced no evidence tending to show that either NMHS or NMMC maintained its principal place of business anywhere other than Mississippi. Because the appellants did not meet their burden of proving that complete diversity exists, we AFFIRM the district court's dismissal of the action for lack of subject matter jurisdiction.

AFFIRMED.