IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 22, 2008

Charles R. Fulbruge III
Clerk

No. 08-40064

RYAN SULLIVAN,

Plaintiff-Appellant,

V.

JOSHUA ALLRED, R. VELA AND R. OWENS,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:06-CV-680

Before DAVIS, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Ryan Sullivan appeals the judgment of the district court granting summary judgment in favor of the three defendants, Galveston police officers Joshua Allred, R. Vela and R. Owens based on qualified immunity. For the reasons set forth below, we vacate and remand.

I.

We state the facts below in the light most favorable to the non-movant, Sullivan. On October 30, 2004, Sullivan went to Buck's Bar in Galveston, Texas

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with some friends. Shortly after arriving at the bar, Sullivan sat down at a table while his friends went to the dance floor. A short time later, a woman approached Sullivan and informed him that he was sitting in her chair. No one had indicated to Sullivan or his friends that the chair had been previously occupied. When Sullivan refused to vacate the chair, the woman left to seek assistance.

Officer Allred, an off-duty Galveston police officer working security at the bar, was informed of the situation by the woman. Allred, who was wearing his police uniform, approached Sullivan from behind and ordered him to get up. Sullivan attempted to turn around to see who was addressing him, but before he could do so, Allred lifted him from the chair and told him to go outside. Allred was wearing his police uniform but did not identify himself to Sullivan as a police officer. Once standing, Allred put his arm on Sullivan's neck and again directed him to go outside. Sullivan shrugged Allred's arm away and moved towards the dance floor and away from the exit. Sullivan did not act aggressively towards Allred. Allred came up behind Sullivan, put his arm around Sullivan in a choke hold, and put weight on Sullivan's back, at which point both men fell to the floor.

Officer Vela, another off-duty Galveston police officer working at the bar, approached the two men on the floor. Sullivan was on all fours, not resisting Allred. Vela jumped on Sullivan's back and used a choke hold, restricting Sullivan's breathing, while Allred punched Sullivan. Sullivan's friends saw Allred punch Sullivan repeatedly. Another off-duty Galveston officer working at the bar, Officer Owens, came upon the three men. After coming in contact with Sullivan's legs, Owens ended up on the floor as well. Upon regaining his feet, Owens pulled out his baton and used it on Sullivan's legs and back.

Eventually, the officers placed handcuffs on Sullivan and brought him to his feet. Although all three officers were wearing their Galveston police uniforms, Sullivan asserts that it was at this point that he realized he had been fighting with police officers. The officers did not strike Sullivan after he was placed in handcuffs. The officers took Sullivan outside and put him in a police car. Sullivan was then taken to a medical clinic. Sullivan received cuts and bruises but none of his injuries required stitches or staples. From the clinic he was transported to the city jail.

Sullivan filed this civil rights suit under 42 U.S.C. § 1983 for unlawful arrest and the use of excessive force by the defendants. The district court concluded that the officers were entitled to qualified immunity and granted the defendants' motion for summary judgment. Sullivan timely appeals that order.

II.

This Court reviews a district court's grant of summary judgment de novo. Waltman v. Payne, 535 F.3d 342, 349 (5th Cir. 2008) (citing FED. R. CIV. P. 56(c)). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact." FED. R. CIV. P. 56(c). The moving party must identify the evidence it believes demonstrates there is no such issue. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the parties have submitted contradictory facts, those controversies are resolved "in favor of the nonmoving party." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc). Reasonable inferences that can be drawn from the evidence should also be made in favor of the nonmoving party. See Disraeli v. Rotunda, 489 F.3d 628, 631 (5th Cir. 2007). "A sufficient showing cannot rest on 'mere allegations or denials' in the pleadings, but must set forth 'specific facts' that establish an issue for trial." Leonard v. Dixie Well Service & Supply, Inc., 828 F.2d 291, 294 (5th Cir. 1987) (quoting FED. R. CIV. P 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

3

(1986)). After those reasonable inferences are made, there is an issue of material fact only if a rational trier of fact could find for the non-moving party. See Burch v. City of Nacogdoches, 174 F.3d 615, 619 (5th Cir. 1999).

A qualified immunity defense requires a two step analysis. The first question in is whether the facts alleged, "[t]aken in the light most favorable to the party asserting the injury . . . show the officer's conduct violated a constitutional right." Saucier v. Katz, 533 U.S. 194, 201 (2001); Freeman v. Gore, 483 F.3d 404, 410 (5th Cir. 2007). This question is necessary, for "[i]f no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." Saucier, 533 U.S. at 201. If a constitutional violation is found, the qualified immunity inquiry continues and examines whether the constitutional rights violated were clearly established to the extent that a reasonable person would be aware of those rights. Hathaway v. Bazany, 507 F.3d 312, 320 (5th Cir. 2007).

### III.

Sullivan argues first that he was arrested without probable cause. "An arrest is unlawful unless it is unsupported by probable cause." Flores v. City of Palacios, 381 F.3d 391, 402 (5th Cir. 2004). Sullivan also argues that the officers used excessive force. In order to present a successful claim of excessive force under §1983, the plaintiff must show 1) an injury 2) that resulted directly and only from a use of force that was excessive to the need for force, and 3) that the use of force was objectively unreasonable under the circumstances. Ramirez v. Knoulton, 542 F.3d 124, 128 (5th Cir. 2008), Bush v. Strain, 513 F.3d 492, 501 (5th Cir. 2008), Freeman, 483 F.3d at 416 (citing Tarver v. City of Edna, 410 F.3d 745, 751 (5th Cir. 2005)).

Sullivan was sitting in a chair at a bar when Allred, who he did not know was a police officer, approached him and demanded that he leave. When Sullivan walked away to inform his friends of what was happening, Allred followed and

employed a choke hold on Sullivan and brought him to the floor. Accepting Sullivan's version of the facts, as we must, this action by Allred seems excessive given the fact that Sullivan's only offenses were sitting in another patron's chair and walking away from Allred. The description of the ensuing struggle offered by the officers and Sullivan's friends differ as to the extent of force used. Sullivan's friends stated they saw the officers punch Sullivan multiple times, an officer sitting on Sullivan's legs, multiple baton strikes to Sullivan's body, and that Sullivan was not resisting or struggling in any way. The officers claim Sullivan was resisting and that they used the force necessary to subdue him.

In viewing these disputed facts in the light most favorable to Sullivan, it is clear that there are genuine issues of material fact that must be resolved. Whether Sullivan inappropriately resisted arrest, giving the officers probable cause to arrest him, and whether the officers used excessive force in making the arrest must be determined by a trier of fact. Both of these issues are fact intensive and must be left to a trier of fact.

## IV.

For the reasons set forth above, we vacate the district court's grant of summary judgment and remand this case to the district court for further proceedings consistent with this opinion.

VACATED and REMANDED.