# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 2, 2020

Lyle W. Cayce
Clerk

No. 19-20183
Summary Calendar

RAYMOND LUMSDEN, ON HIS OWN BEHALF AND ON BEHALF OF THOSE SIMILARLY SITUATED,

*Plaintiff—Appellant,*

*versus*

BOBBY LUMPKIN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; MARK HARRIS, WARDEN, IN BOTH HIS INDIVIDUAL AND OFFICIAL CAPACITY; RONALD GIVENS, WARDEN, IN BOTH HIS INDIVIDUAL AND OFFICIAL CAPACITY; JOHN DOE, MAJOR ROBINSON, IN BOTH HIS INDIVIDUAL AND OFFICIAL CAPACITY; JOHN DOE, MAJOR CASTILLO, IN BOTH HIS INDIVIDUAL AND OFFICIAL CAPACITY,

*Defendants—Appellees.*

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-4470

No. 19-20183

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Raymond Lumsden, Texas prisoner # 2109472, appeals the dismissal for failure to state a claim of his 42 U.S.C. § 1983 claims against Lorie Davis. Lumsden argues that he pleaded facts showing Davis's personal involvement.    Specifically, Lumsden asserts that Davis knew of unconstitutional conditions of confinement and that she allowed deplorable conditions in the Polunsky Unit to remain unresolved.  He also contends that Davis is responsible, in her capacity as Director of the Texas Department of Criminal Justice, for every employee at the Polunsky Unit and that she should be held liable under § 1983.

A district court shall dismiss an IFP civil rights complaint if the court determines that the action fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  A plaintiff fails to state a claim upon which relief can be granted when the claim does not contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  We review a dismissal for failure to state a claim under § 1915(e)(2) de novo.  *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998).

Lumsden argues that he sent letters to Davis detailing the conditions and acknowledges that he received a response in the form of an inspection and a phone call.  His complaint did not allege that Davis was responsible for a deficient policy that resulted in injury; rather, his complaint indicated that there were policies in place implemented by Davis and that others were not abiding by the policies.  The district court did not err in dismissing the § 1983

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20183

claims against Davis in her individual capacity.  *See Thompkins v. Belt*, 828 F.2d 294, 303 (5th Cir. 1987).

Lumsden does not challenge the district court's finding that his claims against Davis in her official capacity were barred by the Eleventh Amendment.  Nor does he challenge the district court's conclusion that his claim for an injunction was moot.  Accordingly, Lumsden has abandoned those issues by failing to brief them. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

The judgment of the district court is AFFIRMED.  Lumsden's motion for the appointment of counsel is DENIED.