Alfie LUDAHL and Crystal Ludahl, personal representatives of the Estate of Richard K. Ludahl, and Leroy Ludahl, Plaintiffs,

v.

SEAVIEW BOAT YARD, INC., and Bakketun and Thomas Boat Co., Defendants.

Nos. C94–75D, C94–683D.

United States District Court, W.D. Washington, at Seattle.

Nov. 14, 1994.

**826**

James M. Beard, Seattle, WA, for plaintiffs.

W.L. Rivers Black, Lane Powell Spears Lubersky; Steven D. Robinson, Karr Tuttle Campbell and Bruce E. Larson, Seattle, WA, for defendants.

## AMENDED ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL JUDGMENT

DIMMICK, Chief Judge.

THIS MATTER comes before the Court on defendants' motion for a partial judgment on the pleadings. Specifically, defendant asks for an order granting a judgment on the pleadings on plaintiffs' claims for (1) lost earnings (encompassing loss of earning capacity, loss of inheritance, and loss of accumulation of estate), and (2) loss of society/consortium (which was pled under general damages). The Court, having considered the motion, memoranda, and affidavits submitted by the parties, hereby grants the motion.

### I

Richard Ludahl, who was a seaman aboard the F/V FREYA, died when it sunk on the high seas northwest of LaPush, Washington. Ludahl's daughters, Alfie Ludahl and Crystal Ludahl (collectively the "Ludahls"), as the personal representative of the estate, brought this action pursuant to the Death on the High Seas Act, 46 U.S.C.App. §§ 761–67, (hereinafter "DOHSA"), and general maritime law against Seaview Boat Yard and Bakketun & Thomas Boat Company (collectively the "defendants"). In their first amended complaint, the Ludahls allege that the defendants improperly repaired the F/V FREYA, which resulted in its sinking.

The defendants have brought this motion, seeking a judgment on the pleadings. According to the defendants, the claims for lost earnings (including loss of earning capacity, loss of inheritance, and loss of accumulation of estate), and for loss of society/consortium are not recoverable under the law. The Ludahls have challenged a portion of this motion.

### II

■ This motion is brought pursuant to Federal Rule of Civil Procedure 12(c) for a judgment on the pleadings. The standard that the Court must apply is the same standard applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* William W. Schwarzer, et al., *Federal Civil Procedure Before Trial,* 9–58.6 (The Rutter Group 1993). A judgment on the pleadings should be granted when there are no issues of material fact, and the moving party is entitled to a judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1550 (9th Cir. 1989). The Court must assume that the material facts as pleaded are true, and the inferences drawn from these facts are construed in favor of the party opposing the motion. *General Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventist Congregational Church,* 887 F.2d 228, 230 (9th Cir.1989), *cert. denied,* 493 U.S. 1079, 110 S.Ct. 1134, 107 L.Ed.2d 1039 (1990).

### III

#### A

■ The Ludahls have conceded that defendants are entitled to a judgment on the pleadings on at least one portion of defendants' motion. The Ludahls recognize that, pursuant to DOHSA, they can make no claim for the loss of consortium. Accordingly, defendants are entitled to a judgment as a matter of law.

#### B

In addition, the Ludahls concede that the Ninth Circuit case of *Davis v. Bender Shipbuilding & Repair Co.,* 27 F.3d 426, 430 (9th Cir.1994), is directly on point and would pre-

clude their claim for loss of accumulation of estate. The Ludahls argue, however, that *Davis* conflicts with a contemporaneous opinion, *Sutton v. Earles,* 26 F.3d 903 (9th Cir. 1994), which allows such a claim. In addition, the Ludahls argue that a petition for certiorari to the Supreme Court has been filed in the *Davis* case. The Ludahls conclude that the Court should follow *Sutton.*

The instant case is indistinguishable from *Davis,* and, contrary to the Ludahls' assertions, *Sutton* is distinguishable. In *Davis,* the Ninth Circuit, citing *Miles v. Apex Marine Corp.,* 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990), distinguished *Sutton* as follows:

> We have recently held that survival claims for lost future earnings may be pursued in a case involving the death of a nonseaman in state territorial waters. *Sutton v. Earles* [26 F.3d 903 (9th Cir. 1994)]. We said this was appropriate "where there is no applicable federal wrongful death statute imposing a damage limitation." *Id.* at [919]. Our decision in this case, however, is controlled by *Miles.* The estates' decedents were seamen, and they perished on the high seas. The Jones Act does not permit the damages sought by the estates. DOHSA does not permit such damages either. We are therefore precluded from awarding them to the estates under general maritime law.
>
> The plaintiffs attempt to distinguish this case from *Miles* by stressing that the defendant in this case is a shipbuilder, not a "Jones Act defendant." Yet there is nothing in *Miles'* reasoning to suggest that the decision turned upon the identity of the defendant. Indeed, not all of the defendants in *Miles* were Jones Act employers. *Miles,* 498 U.S. at 21, 111 S.Ct. at 319–20. Moreover, the principle underlying the Supreme Court's decision in both *Miles* and *Moragne* [*v. States Marine Lines, Inc.,* 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339] [(1970)] is that general maritime law is intended to supplement the statutory remedies created by Congress, not to enhance or replace them. *Miles* instructs the lower federal courts that a claim for lost future earnings is not available in connection with a maritime death for which

Congress has already provided a remedy and has excluded such damages. The identity of the defendant is irrelevant to these considerations.

*Davis,* 27 F.3d at 430. While prior cases would have allowed these claims, *Davis* is the law of the Ninth Circuit; accordingly, defendants are entitled to a judgment as a matter of law on the claim of loss of accumulation of estate.

## IV

The defendants also seek a judgment on the pleadings on the Ludahls' loss of inheritance claim. The defendants characterize this claim as a claim for lost future earnings, which is not recoverable under either *Miles* and *Davis.* The defendants cite one district court decision, *Hopper v. Waterman Steamship Corp.,* 1992 A.M.C. 1087, 1991 WL 267798 (E.D.La.1991), to support this proposition. Not surprisingly, the Ludahls oppose the motion, arguing that Ninth Circuit law allows for the recovery of loss of inheritance.

The cases cited by the Ludahls to support their claim for loss of inheritance, *Nygaard v. Peter Pan Seafoods, Inc.,* 701 F.2d 77, 80 (9th Cir.1983); *Bergen v. F/V St. Patrick,* 816 F.2d 1345 (9th Cir.1987), *cert. denied,* 493 U.S. 871, 110 S.Ct. 200, 107 L.Ed.2d 154 (1989); and *In re Arctic Fisheries, Inc.,* 741 F.Supp. 850 (W.D.Wash.1990), all predate the Supreme Court's ruling in *Miles* and the Ninth Circuit's ruling in *Davis.* As the Ninth Circuit recognized in *Davis,* "*Miles* instructs the lower federal courts that a claim for lost future earnings is not available in connection with a maritime death for which Congress has already provided a remedy and has excluded such damages." *Davis,* 27 F.3d at 430. Common sense dictates that if lost future earnings are not recoverable under DOHSA, then loss of inheritance would also not be recoverable. *See Hopper,* 1992 A.M.C. at 1087, 1991 WL 267798 ("The Supreme Court has also disallowed claims for a decedent's lost future earnings. In essence, plaintiff's claim for loss of prospective inheritance asserts such a claim...."); *see also* Charles M. Davis, *Maritime Law Deskbook* 153 (1994) ("Whether maritime law permits recovery for loss of inheritance was put into doubt by *Miles v.*

*Apex Marine Corp.,* 498 U.S. 19 [111 S.Ct. 317, 112 L.Ed.2d 275], 1991 A.M.C. 1 (1990).").

In accordance with the foregoing, the defendants' motion for a partial judgment on the pleadings is hereby GRANTED.