896 F.Supp. 666 (1995)
Suzanne Rene ROHAN, As Next Friend for Larissa ROHAN, a Minor, et al.
v.
EXXON CORPORATION, Baker-Hughes Incorporated, Noble Drilling Corporation, and Cooper Industries, et al.
Civ. A. No. G-94-277.
United States District Court, S.D. Texas, Galveston Division.
August 7, 1995.
*667 *668 Gordon E. Davenport, Jr., Davenport Law Firm, Alvin, TX, for plaintiff.
Nicholas Vincent, Exxon Co. U.S.A., Houston, TX, for Exxon Corp.
Richard A. Chopin, Hailey McNamara Hall et al., Metairie, LA, for Baker-Hughes Inc.
Richard M. Simses, Abbott & Meeks, Houston, TX, Charles M. Carr, III, Abbott Simses et al., Houston, TX, for Noble Drilling Corp.
W. Earl Touchstone, Mayor Day Caldwell & Keeton, Houston, TX, for Cooper Industries.
Ken Edward Kendrick, Kelly Sutter Mount & Kendrick, Houston, TX, for Sam Jones & Associates, Inc.

ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT
KENT, District Judge.
This is a wrongful death action brought by Plaintiff Suzanne Rene Rohan ("Rohan") for the death of her husband Larry Rohan on March 15, 1994, while he was working as a Senior Drilling Superintendent for his employer, Exxon Corporation. Plaintiff Rohan has brought suit against Exxon Corporation, Baker-Hughes Incorporated, Noble Drilling Corporation, and Cooper Industries. Before the Court now is Defendant Cooper Industries' Motion for Partial Summary Judgment. For the reasons explained below, the Court finds that Defendant's Motion should be GRANTED IN PART and DENIED IN PART.[1]

I. Background
Larry Rohan worked as a Senior Drilling Superintendent for Exxon Drilling and was employed on March 15, 1994, on board the jack-up rig NOBLE PERCY on the South Marsh Island, Block 99. Workover operations were being conducted on the B-2 well to determine the cause of pressure communication between the well casing and production tubing. The well had been killed, and a back pressure valve was installed. During removal operations of the back pressure valve, a sudden release of wellbore pressure *669 blew out two 300-400 lb. insert bowl halves from their position within the rotary bushing housing. Mr. Rohan was killed. Plaintiff's claims against Cooper Industries are based on the actions of its employee, Mike Gremillion, in removing the back pressure valve and the tubing hanger assembly that were at the site of the incident in question.

II. Standard of Review
Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. A fact is material if its resolution in favor of one party might affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A genuine issue of material fact exists if there is a genuine issue for trial that must be decided by the trier of fact. In other words, summary judgment should not be granted if the evidence indicates that a reasonable fact-finder could find in favor of the nonmoving party. Id. See also Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).
In ruling on a Motion for Summary Judgment, the Court must accept the evidence of the nonmoving party and draw all justifiable inferences in his favor. Credibility determinations, weighing of the evidence, and the drawing of reasonable inferences are left to the trier of fact. Anderson v. Liberty Lobby, supra, 477 U.S. at 255, 106 S.Ct. at 2513.
Under Fed.R.Civ.P. 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once this burden is met, the burden shifts to the nonmoving party to establish the existence of a genuine issue for trial. Matsushita, supra, 475 U.S. at 585-87, 106 S.Ct. at 1355-56; Leonard v. Dixie Well Serv. & Supply, Inc., 828 F.2d 291, 294 (5th Cir.1987).
Where the moving party has met its Rule 56(c) burden, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts.... [T]he nonmoving party must come forward with `specific facts showing that there is a genuine issue for trial.' Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Matsushita, supra, 475 U.S. at 586-87, 106 S.Ct. at 1355-56 (quoting Fed.R.Civ.P. 56(e)) (emphasis in original).

III. Analysis

1. Plaintiff's Claims for Loss of Society, Mental Anguish, and Strict Liability/Products Liability.
In her Amended Complaint, Plaintiff Rohan has asserted claims for loss of society, mental anguish, and strict liability/products liability. Defendant argues that, because this action is governed by the Death on the High Seas Act ("DOHSA"), 46 U.S.C.App. § 761 et seq., Plaintiff's claims are not cognizable. In her Response, Plaintiff herself agrees with Defendant's assertions, as does this Court. DOHSA is expressly applicable "[w]henever the death of a person shall be caused by a wrongful act, neglect, or default occurring on the high seas beyond a marine league of the shore...." 46 U.S.C.App. § 761. It is undisputed in this case that the actions that led to Mr. Rohan's tragic death occurred more than one marine league from the shore. Thus, DOHSA clearly supplies the applicable law in this wrongful death case.
In Miles v. Apex Marine Corporation, 498 U.S. 19, 31, 111 S.Ct. 317, 325, 112 L.Ed.2d 275 (1990)[2], the Supreme Court stated that "DOHSA, by its terms, limits recoverable damages in wrongful death suits to pecuniary loss sustained by the persons for whose benefit the suit is brought. This explicit limitation forecloses recovery for nonpecuniary loss, such as loss of society *670 ..." The same analysis applies to claims for mental anguish, which are clearly non-pecuniary in nature. Thus, the Court finds that Plaintiff's claims for loss of society and mental anguish are not cognizable, and Defendant's Motion to dismiss these claims is GRANTED.
Plaintiff likewise agrees with Defendant that her claim for products liability/strict liability is improperly alleged in the context of this case, and the Court finds that Defendant's Motion to dismiss these claims is likewise GRANTED.
Finally, Cooper Industries asks this Court to grant summary judgment against Plaintiff on any state-law claims Plaintiff may have brought under the Texas Wrongful Death Act statute. While it is not in the least clear what claims Plaintiff really intends to bring under this general heading, the Court will briefly address the general area of state-law wrongful death claims in the context of DOHSA. It is quite clear that the Supreme Court has held that DOHSA forecloses the application of state remedies for a wrongful death on the high seas. Offshore Logistics v. Tallentire, 477 U.S. 207, 106 S.Ct. 2485, 91 L.Ed.2d 174 (1986). As the Supreme Court has stated, in DOHSA cases "the extent to which state law may be used to remedy maritime injuries is constrained by a so-called `reverse-Erie' doctrine which requires that the substantive remedies afforded by the States conform to governing federal maritime standards." Id. at 223, 106 S.Ct. at 2494. Thus, although the Court is unclear what state-law remedies Plaintiff is actually asserting, insofar as there are any state-law claims intended to supplement the remedies of DOHSA, they are improper. Defendant's Motion is GRANTED on this point. Plaintiff retains, of course, all causes of action that properly come within the Court's admiralty jurisdiction and have been properly pled.

2. The Loss of Inheritance Claim
The parties, however, vigorously contest the issue of whether Plaintiff may bring a claim against Defendants for loss of inheritance in the context of DOHSA. The issue is indeed the very heart of Plaintiff's claims, because Plaintiff's expert, Dr. Thomas Mayor, has submitted a report to the Court estimating that Larissa Rohan's inheritance would be between $1,243,108 and $1,469,004. Defendant essentially claims that loss of inheritance is a non-pecuniary award disallowed by the Supreme Court's ruling in Miles v. Apex Marine, supra, 498 U.S. 19, 111 S.Ct. 317. The Court disagrees and finds that Defendant's arguments fundamentally misstate both the prevailing caselaw and the Supreme Court's ruling in Miles.
It has been well established for many years that children have a reasonable expectation of benefitting from any prospective accumulation of their parent's estate, making a claim for loss of inheritance a valid pecuniary loss claim in a DOHSA action. Solomon v. Warren, 540 F.2d 777, 790 (5th Cir.1976), cert. denied sub nom. Warren v. Serody, 434 U.S. 801, 98 S.Ct. 28, 54 L.Ed.2d 59 (1977); National Airlines, Inc. v. Stiles, 268 F.2d 400 (5th Cir.), cert. denied, 361 U.S. 885, 80 S.Ct. 157, 4 L.Ed.2d 121 (1959) (holding that a widow's probable recovery of inheritance from her deceased husband was a properly considered item of pecuniary loss under DOHSA); Martin v. Atlantic Coast Line Railroad Company, 268 F.2d 397 (5th Cir.1959) (finding the same under the F.E.L.A.); Neal v. Barisich, Inc., 707 F.Supp. 862, 869 (E.D.La.), aff'd, 889 F.2d 273 (5th Cir.1989) (stating that "[l]oss of inheritance is a pecuniary loss recoverable under both DOHSA and FELA.") (footnotes omitted). This Court's reading of the applicable caselaw decided since Solomon and Miles indicates that the most thoroughly reasoned cases have not backed away from this basic proposition in the post-Miles environment. See, e.g., In re Adventure Bound Sports, Inc., 858 F.Supp. 1192, 1203 (S.D.Ga. 1994) (stating that "lost inheritance [is] a legitimate pecuniary loss in a DOHSA action."); In re Korean Air Lines Disaster, 807 F.Supp. 1073 (S.D.N.Y.1992) (allowing a claim for loss of inheritance).
Defendant's reliance on Miles is understandable in this case, given the application Miles has received by courts since the Supreme Court handed down that decision. *671 Prior to Miles, Moragne v. States Marine Lines, Inc., 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970) had overruled The Harrisburg, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358 (1886) and recognized a general maritime unseaworthiness wrongful death claim under the theory that, given the complete acceptance of wrongful death statutes by the States, there was no longer a valid basis for The Harrisburg's rejection of general maritime wrongful death claims. In the wake of Moragne, several Circuits found that the same reasoning should lead to the recognition of general maritime survival actions in addition to wrongful death claims. See, e.g., Azzopardi v. Ocean Drilling & Exploration Co., 742 F.2d 890 (5th Cir.1984); Spiller v. Thomas M. Lowe, Jr. & Assoc., 466 F.2d 903 (8th Cir.1972). In a survival action, of course, a decedent's estate may recover damages on behalf of the decedent for injuries that the decedent has sustained. By contrast, a wrongful death action allows the decedent's dependents to pursue only those claims for personal injuries they have suffered as a result of a wrongful death. Miles v. Melrose, 882 F.2d 976, 985 (5th Cir.1989), aff'd, 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990).
In Miles, the Plaintiff primarily asserted that Moragne should be interpreted in a very broad sense to recognize general maritime survival actions for lost future earnings. The Supreme Court, however, held that although a general maritime cause of action for the wrongful death of seamen exists, it was not necessary to determine whether survival actions are foreclosed per se under general maritime law. Miles, 498 U.S. at 34, 111 S.Ct. at 326-27. Instead, the Court found that, even if general maritime survival actions are permissible, lost future earnings cannot be recovered under federal maritime law, if, as was the case in Miles, the Plaintiff represents a deceased seaman.
As this brief discussion makes clear, Miles restricted its holding to general maritime survival actions.[3] "We hold that a general maritime survival action cannot include recovery for decedent's lost future earnings." Miles, 498 U.S. at 37, 111 S.Ct. at 328. However, Miles did not address the issue of lost future earnings in a wrongful death action. Indeed, DOHSA does not even permit survival actions,[4] so it would be difficult to see how Miles changes the established rule that loss of inheritance is recoverable under a DOHSA wrongful death action.
It is important to remember that a wrongful death action and a survival action are distinct causes of action. As stated above, the former is recoverable by beneficiaries for their personal loss; the latter is actionable only on behalf of those injuries sustained by the decedent. When Miles held that the income a decedent would have earned but for his or her death is not recoverable under the survival actions of the Jones Act or under general maritime law, it did not address itself specifically to DOHSA, which was not even a part of the case before it.[5] In the wrongful death area, the Supreme Court decided only that a maritime cause of action for wrongful death could not include damages for loss of society. Miles, 498 U.S. at 37, 111 S.Ct. at 328.
Defendant relies on the brief case of Hopper v. Waterman Steamship Corporation, 1991 WL 267798 (E.D.La.1991) to bolster its reading of Miles and its implications. Unfortunately for Defendant, Hopper has no relevance to this case. In Hopper, the court *672 denied a loss of inheritance claim on the basis of Miles to the widow of a ship's captain who suffered a fatal heart attack aboard his vessel while the ship was being transported through the Panama Canal. Perhaps because the ship in question does not seem to have been more than a marine league from shore, there is no indication at all in Hopper that DOHSA had ever been invoked by the parties. Indeed, the only causes of action present in that case seem to have been under the Jones Act. Since the instant case has been brought under DOHSA, the Court finds that Hopper has no relevance to the Court's finding in this matter. Moreover, even if DOHSA did apply, the Court finds that Hopper incorrectly conflated lost future income with loss of inheritance as identical, rather than as distinct, remedies under DOHSA. See infra pp. 672-73.
The Court is also unpersuaded by Defendant's reliance on Ludahl v. Seaview Boat Yard, Inc., 869 F.Supp. 825 (W.D.Wash. 1994). In Ludahl, the daughters of a seaman who died when his vessel sank on the high seas brought suit as personal representatives for his estate, asserting, inter alia, a loss of inheritance claim under DOHSA. The court denied the DOHSA claim, relying on the Ninth Circuit's ruling in Davis v. Bender Shipbuilding and Repair, Inc., 27 F.3d 426 (9th Cir.), cert. denied, ___ U.S. ___, 115 S.Ct. 510, 130 L.Ed.2d 418 (1994). The Ludahl court specifically cited the Davis court's comment that "Miles instructs the lower federal courts that a claim for lost future earnings is not available in connection with a maritime death for which Congress has already provided a remedy and has excluded such damages." Ludahl, 869 F.Supp. at 827 (citing Davis, 27 F.3d at 430). However, a reading of Davis itself clearly indicates that the Ninth Circuit was addressing itself in this comment to a maritime survival action  which was the sole issue in question in the case  and not a wrongful death action. Indeed, the Davis Plaintiffs were the estates of the decedents, thereby precluding the possibility of bringing a wrongful death action at all because estates cannot make claims for wrongful death. For this reason, this Court cannot imagine how Davis, which correctly followed the Miles decision, could be used as support for an argument that loss of inheritance is not proper in a DOHSA wrongful death action.
The Court's reading of the caselaw surrounding the question of loss of inheritance in the maritime area indicates that many courts have not clearly distinguished between survival and wrongful death actions in admiralty law and have thus created a legal background that is unnecessarily confusing. See also Calhoun v. Yamaha Motor Corporation, U.S.A., 40 F.3d 622, 637 (3rd Cir.1994) (stating that the distinction between survival and wrongful death actions "often appears to be glossed over in the case law of maritime deaths" and are "often lumped together without any distinction"). Perhaps because of this initial confusion, the caselaw has also conflated damages for loss of future earnings with damages for loss of support in maritime cases. These are, however, distinct remedies that arise in quite different legal environments. See Brantuas v. Odette Therese Fishing Corp., 1993 WL 321378 at **2 (9th Cir.1993) ("loss of support and loss of earnings are two distinct forms of damages that result from two distinct causes of action.").
These distinctions are easily blurred in the complex and highly intricate environment of admiralty law, in which wrongful death and survival actions are often joined under DOHSA, the Jones Act, and general maritime law. Kuntz v. Windjammer "Barefoot" Cruises, Ltd., 573 F.Supp. 1277, 1283 (W.D.Pa.1983), aff'd, 738 F.2d 423 (3rd Cir.), cert. denied sub nom. Windjammer "Barefoot" Cruises, Ltd., 469 U.S. 858, 105 S.Ct. 188, 83 L.Ed.2d 121 (1984). In the DOHSA setting, it is well established that recoverable damages include loss of support, loss of services of the decedent, loss of nurture, guidance, care and instruction, loss of inheritance, and those funeral expenses actually paid by the dependents. Thomas J. Schoenbaum, Admiralty and Maritime Law § 7-2 (1987); see also Sea-Land Serv., Inc. v. Gaudet, 414 U.S. 573, 584-95, 94 S.Ct. 806, 814-15, 39 L.Ed.2d 9 (1974); Boykin v. Bergesen D.Y. A/S, 835 F.Supp. 274, 285 (E.D.Va.1993). Loss of support and loss of *673 inheritance are generally predicated on a showing of full or partial dependency. See, e.g., Zicherman v. Korean Air Lines, Co., Ltd., 43 F.3d 18, 23 (2nd Cir.1994); Evich v. Connelly, 759 F.2d 1432, 1433-34 (9th Cir. 1985), cert. denied, 484 U.S. 914, 108 S.Ct. 261, 98 L.Ed.2d 218 (1987) (denying recovery for pecuniary loss to non-dependent siblings).
It is important to note that the standards for recovery for these damage claims are strikingly similar. Under DOHSA, recovery for loss of support "includes all the financial contributions that the decedent would have made to his dependents had he lived." Gaudet, 414 U.S. at 584-85, 94 S.Ct. at 814. Damages for loss of inheritance require a conclusive showing that the decedent would probably have accumulated property that the wrongful death beneficiary would have inherited. Nygaard v. Peter Pan Seafoods, Inc., 701 F.2d 77, 80 (9th Cir.1983). Clearly, these two remedies both depend on a calculation of the future income of a decedent, but they are not, strictly speaking, a recovery for future earnings. Cf. Brantuas, 1993 WL 321378 at **2 (distinguishing between future earnings and loss of support as distinct remedies). For this reason, courts since Miles that have disallowed recovery for future earnings have also allowed recovery for loss of support and loss of inheritance as distinct and separate remedies. Korean Air Lines Disaster, 807 F.Supp. at 1083 (finding that although Miles disallows recovery of future wages, "lost earnings may be proved for the purpose of determining loss of support and loss of inheritance.").
When the Miles court refused to recognize a recovery for lost future income in a maritime survival suit, it based its opinion in large part on the fact that such a recovery would duplicate existing remedies for loss of support in wrongful death actions. "Recovery of lost future income in a survival suit will, in many instances, be duplicative of recovery by dependents for loss of support in a wrongful death action...." Miles, 498 U.S. at 35, 111 S.Ct. at 326. In saying this, however, it is perfectly clear that the Supreme Court in no way envisioned limiting recovery for loss of support in wrongful death actions. Indeed, the very premise for barring recovery for future income in survival actions is precisely because loss of support recovery is a continuing option in a maritime wrongful death action, as case after case has traditionally recognized. It is inconceivable to this Court that Miles could possibly be read to mean that the long-standing remedies of loss of support and of loss of inheritance in a DOHSA action is now barred. Thus, the Court continues to follow the traditional law of this Circuit, as announced in Solomon, 540 F.2d at 790, and finds that Defendant's Motion to dismiss Plaintiff's claim for loss of inheritance is DENIED.
For these reasons, the Court find that Defendant's Motion for Partial Summary Judgment is GRANTED insofar as it seeks dismissal of Plaintiff's claims of loss of society, mental anguish, strict liability/products liability, and any claims asserted under the Texas Wrongful Death statute, and these claims are hereby DISMISSED WITH PREJUDICE. Defendant's Motion is DENIED insofar as it seeks dismissal of Plaintiff's claim for loss of inheritance under DOHSA. Each party is to bear her or its own taxable costs. It is further ORDERED that the parties file no further pleadings on this matter, including motions to reconsider and the like. Instead, the parties are instructed to seek whatever relief they feel themselves entitled in the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.
IT IS SO ORDERED.
NOTES
[1] The Court notes that a second Motion for Summary Judgment was filed by Defendant Noble Drilling Corporation. Despite this Court's clear instruction that all dispositive Motions by Defendants were due by May 5, 1995, Noble Drilling filed its Motion for Partial Summary Judgment on May 18, 1995. The Court therefore finds that Plaintiff's Motion to Strike Noble Drilling's Motion is GRANTED, and Defendant Noble Drilling's Motion for Partial Summary Judgment is STRICKEN for all purposes.
[2] The Court would respectfully point out to Defendant that the Miles decision is not found at 498 U.S. 19, 111 S.Ct. 317, as Defendant's Brief repeatedly asserts.
[3] However, Miles did also hold that loss of society is not a recoverable item of damages in a wrongful death action.
[4] DOHSA, like the Jones Act, creates a wrongful death action for maritime deaths. Unlike the Jones Act, however, DOHSA claims can be brought by dependent heirs on behalf of anyone who has died at sea, not just seamen. Miles, 498 U.S. at 24, 111 S.Ct. at 321. DOHSA claims may also be pursued against Defendants who are not the decedent's employer. 46 U.S.C.App. § 761.
[5] In Miles, the Plaintiffs' decedent was killed within the territorial waters of the state of Washington, and the claims made in that case were brought under the Jones Act and general maritime law. DOHSA did not even apply in Miles because the events leading to the decedent's death did not occur more than a marine league from the shore. Moreover, the Supreme Court addressed itself in Miles to the specific question of whether future income is recoverable in a survival action; it nowhere addressed the very different question of whether loss of inheritance is recoverable in a wrongful death action.