Raymond G. DUNHAM and Mary W. Dunham Plaintiffs,

v.

EXPRO AMERICAS, INC. (the Expro Group) and Diamond Offshore Drilling Co. Defendants.

No. CIV.A.G–02–794.

United States District Court, S.D. Texas, Galveston Division.

Aug. 8, 2003.

William B. Emmons, Emmons & Jackson PC, Houston, TX, for Plaintiffs.

John Lawrence Schouest, Phelps Dunbar LLP, Kenneth Ross Citti, Citti & Associates, Houston, TX, for Defendants.

### ORDER PARTIALLY GRANTING AND PARTIALLY DENYING DIAMOND'S MOTION TO DISMISS CLAIMS FOR NON–PECUNIARY DAMAGES

KENT, District Judge.

Plaintiffs Raymond and Mary Dunham ("Plaintiffs"), Jeremy Dunham's surviving parents, bring this action against Expro Americas, Inc. ("Expro"), Diamond Offshore Management Company, and Diamond Offshore (USA), Inc. (the Diamond Defendants will be collectively referred to as "Diamond") alleging that Defendants' negligence was responsible for the tragic death of their son, Jeremy Webster Dunham. Now before the Court is Diamond's 12(b)(6) Motion to Dismiss Plaintiffs' Claims for Non–Pecuniary Damages, and the timely Response thereto. For the reasons articulated below, the Court **GRANTS IN PART** and **DENIES IN PART** Diamond's Motion.

### I. FACTUAL INTRODUCTION

Jeremy Dunham was born on June 16, 1972 to Raymond and Mary Dunham of San Antonio. Jeremy never married and had no children at the time of his death. He recently graduated from the University of Texas at Austin in 1995 with a degree in petroleum engineering. In 1997, Expro

hired Jeremy to work for it in its Well-Test Division. That assignment lasted for roughly two years until Expro transferred Jeremy to its Subsea Division on August 17, 1999. Thereafter, Jeremy worked nearly exclusively on the M/V OCEAN AMBASSADOR ("Vessel") as a Senior Assistant Subsea Technician.

On November 14, 1999, Jeremy was working aboard the Vessel operating and monitoring Expro's Umbilical Hose Reel. Tragically, Jeremy was found dead at roughly 5:00 a.m. with his head and arms through the spokes of the Expro hose reel. According to the autopsy report, Jeremy "died as the result of asphyxia resulting from traumatic compression, when he was pinned between the equipment and framework of an off-shore drilling rig. In this type of injury, the chest cannot expand (enlarge); therefore, the lungs cannot make the air exchange necessary for maintaining life." Essentially, Jeremy was slowly crushed to death for approximately one and a half hours. As a result of his pre-death consciousness, Jeremy likely endured significant pain and suffering. Plaintiffs have alleged (amongst other claims) that they are entitled to recover damages for Jeremy's pain and suffering, as well as punitive damages, and Diamond counters that Plaintiffs are barred from recovering such damages because Plaintiffs' claims are governed by DOHSA, which does not allow recovery for non-pecuniary losses.

## II. 12(b)(6) STANDARD

The Federal Rules of Civil Procedure authorize a district court, upon suitable showing, to dismiss any action or any claim within an action for failure to state a claim upon which relief can be granted. *See* Fed. R.Civ.P. 12(b)(6). When considering a motion to dismiss, the court accepts as true all well-pleaded allegations in the complaint, and views them in a light most favorable to the plaintiff. *See Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993). Unlike a motion for summary judgment, a motion to dismiss should be granted only when it appears without a doubt that the plaintiff can prove no set of facts in support of the claims that would justify relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

## III. ANALYSIS

1. *Plaintiffs' claims are governed by the Death on the High Seas Act and the Jones Act.*

It is undisputed that the accident leading to Jeremy Dunham's unfortunate death occurred beyond a marine league (roughly 3 miles) from the Texas coast; therefore, DOHSA governs Plaintiffs' claims and grants this Court federal admiralty jurisdiction over them. *See* 46 U.S.C. app. § 761 ("[W]henever the death of a person shall be caused by wrongful act, neglect, or default occurring on the high seas beyond a marine league from the shore of any State ... the personal representative of the decedent may maintain a suit for damages in the district courts of the United States, in admiralty, for the exclusive benefit of the decedent's wife, husband, *parent*, child, or dependent relative against the vessel, person, or corporation which would have been liable if death had not ensued.") (emphasis added); *see also Mobil Oil Corp. v. Higginbotham*, 436 U.S. 618, 620, 98 S.Ct. 2010, 2012, 56 L.Ed.2d 581 (1978); *Motts v. M/V GREEN WAVE*, 210 F.3d 565, 569–72 (5th Cir. 2000). When DOHSA applies, designated beneficiaries may bring a wrongful death lawsuit to the exclusion of all other remedies, except when a seaman is killed, in which case the Jones Act provides addi-

tional remedies against the seaman's employer. *See Higginbotham*, 436 U.S. at 620–21 & n. 11, 98 S.Ct. at 2012–13 & n. 11 ("The Jones Act gives a remedy to the dependents of a seaman killed in the course of employment by his employer's negligence, no matter where the wrong takes place."). For the purposes of this 12(b)(6) Motion, pursuant to Plaintiffs' Second Amended Complaint, the Court must assume that Jeremy was a seaman and that he was Diamond's borrowed servant.

### 2. The Death on the High Seas Act does not preclude Plaintiffs' Jones Act survival remedy.

■ It is well established that designated beneficiaries (Jeremy Dunham's parents) may recover only pecuniary losses under DOHSA. *See* 46 U.S.C. app. § 762(a) ("The recovery in such suit shall be a fair and just compensation for the pecuniary loss sustained by the persons for whose benefit the suit is brought and shall be apportioned among them by the court in proportion to the loss they may severally have suffered by reason of the death of the person by whose representative the suit is brought."); *see also Dooley v. Korean Air Lines Co.*, 524 U.S. 116, 119–23, 118 S.Ct. 1890, 1892–95, 141 L.Ed.2d 102 (1998). Through DOHSA, Plaintiffs may recover for their "loss of support, loss of services of the decedent, loss of nurture, guidance, care and instruction, loss of inheritance, and those funeral expenses actually paid by the dependents." *Rohan v. Exxon Corp.*, 896 F.Supp. 666, 672 (S.D.Tex.1995) (Kent, J.).

■ However, Dunham was a seaman and may also recover damages against his employer pursuant to the Jones Act, 46 U.S.C. app. § 688. When Congress enacted the Jones Act, it incorporated the Federal Employers' Liability Act's, 45 U.S.C. § 51 *et seq.* ("FELA"), recovery scheme

and provided that seamen are entitled to those remedies available under FELA. *See* 46 U.S.C. app. § 688(a) ("[I]n case of death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable."). Under the Jones Act, the personal representative, Plaintiffs, may bring a wrongful death action against the seaman's employer, Diamond (since the Court assumes that Dunham was Diamond's borrowed servant), for its negligence in causing his death. *See Higginbotham*, 436 U.S. at 621 n. 11, 98 S.Ct. at 2013 n. 11. Recovery is limited to "the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents." 45 U.S.C. § 51; *see also Sistrunk v. Circle Bar Drilling Co.*, 770 F.2d 455, 456 (5th Cir.1985).

■ Diamond contends that *Dooley* forecloses Plaintiffs' survival action for Dunham's pre-death pain and suffering. In *Dooley*, the plaintiffs attempted to supplement their DOHSA claims with a survival action under general maritime law. *See* 524 U.S. at 120, 118 S.Ct. at 1893. The United States Supreme Court held that DOHSA precluded the plaintiffs from bringing a survival action for pre-death pain and suffering under general maritime law reasoning that "Congress provided the exclusive recovery [through DOHSA] for deaths that occur on the high seas." *Dooley*, 524 U.S. at 123–24, 118 S.Ct. at 1894–95. However, the Supreme Court explicitly recognized that a survival action is still available, in addition to DOHSA, when the plaintiff is a Jones Act seaman. *See Dooley*, 524 U.S. at 124, 118 S.Ct. at 1895 ("[I]t cannot be contended that DOHSA has no

bearing on survival actions; rather, Congress has simply chosen to adopt a more limited survival provision. Indeed, Congress did so in the same year that it incorporated into the Jones Act, which permits seamen in the course of their employment to recover damages for their injuries, *a survival action similar to the one petitioners seek here.*") (emphasis added). To the extent that footnote one in *Schwartz v. Neches–Gulf Marine, Inc.* is inconsistent, it is overruled. *See* 67 F.Supp.2d 698, 701 n. 1 (S.D.Tex.1999) (Kent, J.). The Court bases its analysis on *Higginbotham,* which held that while DOHSA provides the exclusive remedy to plaintiffs killed on the high seas, a seaman is still entitled to his remedies under the Jones Act despite the fact that his death occurred on the high seas. *See Higginbotham,* 436 U.S. at 621 n. 11, 98 S.Ct. at 2013 n. 11 ("The death of a seaman was an exception to this rule [that DOHSA provides the exclusive remedy]. The Jones Act gives a remedy to the dependents of a seaman killed in the course of employment by his employer's negligence, *no matter where the wrong takes place.*") (emphasis added). Accordingly, for the reasons articulated above, the Court **DENIES IN PART** Defendants' Motion as to Plaintiffs' right to bring a survival action for Dunham's pre-death pain and suffering against his employer in addition to Plaintiffs' DOHSA claims.

### 3. *The Death on the High Seas Act bars Plaintiffs from recovering punitive damages*

■ Plaintiffs' Second Amended Complaint also seeks recovery for punitive damages under the Jones Act. Defendants argue that DOHSA prevents the Plaintiffs from recovering any non-pecuniary losses, including punitive damages. Since the Court has concluded that DOHSA applies (except for their claims under the Jones Act), Plaintiffs' potential recovery is limited to pecuniary losses. Hence, Plaintiffs are barred from seeking punitive damages. *See Guevara v. Mar. Overseas Corp.,* 59 F.3d 1496, 1512 n. 7, n. 9 (5th Cir.1995) ("Although the *Miles* Court did not mention punitive damages, they are also rightfully classified as non-pecuniary."). Therefore, the Court rejects Plaintiffs' arguments, as it must, and **GRANTS IN PART** Defendants' Motion and **DISMISSES WITH PREJUDICE** all of Plaintiffs' claims seeking punitive damages.

## IV. CONCLUSION

The Court compliments the lawyers on their concise and thorough briefs and their zealous advocacy on behalf of their clients. Although the Court is well aware of these lawyers' advocacy abilities in the courtroom, the Court implores the Parties to consider an amicable resolution of this matter outside the courtroom-especially given this case's fast approaching trial date. Having reviewed all of the Parties' Motions, the applicable law, and the record before it, the Court, after considerable deliberation, concludes that it must respectfully **DENY IN PART** Defendants' Motion to dismiss Plaintiffs' Jones Act survival action for Dunham's pre-death pain and suffering. Additionally, the Court **GRANTS IN PART** Defendants' Motion and **DISMISS WITH PREJUDICE** all claims for punitive damages. Each Party it to bear its own costs incurred herein to date.

**IT IS SO ORDERED.**