**Richard LANDRY**

v.

**SPECIALTY DIVING OF LOUISIANA, INC.**

No. Civ.A. 02–1746.

United States District Court, E.D. Louisiana.

Sept. 26, 2003.

James R. Clary, Jr., Clary Law Firm, Baton Rouge, LA, Daniel Albert Claitor, Daniel A. Claitor, Attorney at Law, Baton Rouge, LA, for Plaintiffs.

Teresa Leyva Martin, Natasha Z. Wilson, Galloway, Johnson, Tompkins, Burr & Smith, New Orleans, LA, for Intervenor.

Daniel Edward Knowles, III, Brien Joseph Fricke, Burke & Mayer, New Orleans, LA, Robert Joshua Koch, Jr., Cynthia Cleland Branch, Spyridon, Koch & Palermo, L.L.C., Metairie, LA, W. Malcolm Stevenson, Kevin Mark Wheeler, Taggart, Morton, Ogden, Staub, Rougelot, & O'Brien, LLC, New Orleans, LA, Joseph Baker Guilbeau, Juge, Napolitano, Guilbeau, Ruli & Frieman, Metairie, LA, Gregory Charles Thomas, Fisk Corporation, Houston, TX, George James Richaud, Young, Richaud & Myers, New Orleans, LA, for Defendants.

### ORDER & REASONS

DUVAL, District Judge.

Before this Court is defendant Specialty Diving of Louisiana, Inc.'s Motion for Summary Judgment. After reviewing the pleadings, exhibits, and relevant law, the Court **GRANTS** the motion and finds that there is no genuine issue of material fact as to plaintiff's alleged seaman status for the reasons that follow.

**Background:**

Plaintiff Richard Landry, a diver, brought this admiralty suit to recover damages under the Jones Act and general maritime law. Landry claims that he suffered wrist injuries on October 2, 2001, due to the negligence of his employer, defendant Specialty Diving of Louisiana, Inc. ("Specialty Diving").

Landry claims that he was injured while working above water from a small barge to restore a pile on the Causeway Bridge spanning Lake Pontchartrain. Landry did not dive on the day of the accident. While assisting with the breakdown of the external braces that provided support for a bridge pile, Landry-fell, allegedly breaking his wrist.

On May 30, 2003, defendant filed a Motion for Summary Judgment (Rec.Doc. No. 24) on the grounds that no genuine issue of material fact existed as to plaintiff's alleged seaman status. Plaintiff opposed this motion and requested oral argument (Rec. Doc. Nos. 27 & 28). The Court granted oral argument and heard the motion on August 27, 2003.

Because plaintiff contends that defendant reassigned plaintiff as a full-time diver/supervisor on July 1, 2001, thereby effecting a job change, the Court will only consider plaintiff's activities after that date to determine seaman status. In a Joint Stipulation of Uncontested Facts (Rec.Doc. No. 44), plaintiff and defendant jointly submit the following: (1) plaintiff worked a total of 596.5 hours for defendant between July 1, 2001, and the date of the accident; (2) plaintiff worked a total of 314.5 hours aboard vessels during that time; (3) plaintiff worked a total of 29 hours aboard vessels owned by defendant during that time; and (4) all hourly estimates assume facts most favorable to plaintiff.

Defendant contends that plaintiff cannot present facts adequate to meet the first or second prong of the seaman status test set forth in *Chandris v. Latsis,* 515 U.S. 347, 371, 115 S.Ct. 2172, 132 L.Ed.2d 314 (1995). *See* Memorandum in Support of Motion for Summary Judgment. Under the first prong of the test, the claimant must prove that his work contributes to the function of a vessel in the accomplishment of its mission. *Chandris,* 515 U.S. at 371, 115 S.Ct. 2172. Defendant maintains that plaintiff's employment did contribute to the function of a vessel because his task at the time of the injury, pile restoration, did not contribute to the function of the vessel. Defendant argues that plaintiff performed work on a work barge that served as a work platform and did not perform work contributing to the function of the vessel. Further, defendant argues that plaintiff is primarily a land-based employee who dived mostly from land or shore-based structures. Additionally, defendant asserts that on the job at issue, plaintiff did not dive or assist with the operations of the vessel because he spent the entire time on the job working on the above-water portion of the piling. Memoranda in Support of Motion for Summary Judgment.

Defendant argues that plaintiff does not meet the second prong of the *Chandris* test because plaintiff performed less that the thirty percent (30%) of his time diving from a vessel owned or controlled by his employer. Defendant argues that *Chandris* requires that a seaman possess a connection to an identifiable fleet which must be substantial in nature and duration. Because plaintiff's diving occurred from vessels owned or controlled by defendant less than ten percent (10%) of the time, defendant contends that plaintiff is not entitled to seaman status. *Id.*

Plaintiff counters that, because he is a commercial diver, he falls into the "well-established exception" to the rule that a seaman must have a substantial connection to a fleet under common ownership or control. *See* Memorandum in Opposition to Motion for Summary Judgment. Therefore, he argues, the court may assess all of his dive activity whether or not is was from a vessel owned and operated by defendant because a diver faces "regular exposure to the perils of sea" just like the

classic seaman. Plaintiff contends that Fifth Circuit and Louisiana case law hold that because a diver's work necessarily involves "exposure to numerous marine perils" it is not he is not held to the strict thirty percent rule. *Id.*

Plaintiff further argues that defendant owned one of the vessels that comprised the convoy of vessels at the job site where he was injured. He also contends that, at the time of the accident, he was contributing to the function of a vessel in satisfaction of the first prong of *Chandris.* *Id.*

## Summary Judgment Standard:

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Substantive law determines the materiality of facts, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] ... which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the movant meets this burden, the burden shifts to the non-movant "to make a show-

ing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. 2548. "[M]ere allegations or denials" will not defeat a well-supported motion for summary judgment. Fed.R.Civ.P. 56(e). Rather, the non-movant must come forward with "specific facts" that establish an issue for trial. *Id.*

When deciding a motion for summary judgment, the Court must avoid a "trial on affidavits. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts" are tasks for the trier-of-fact. *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505. To that end, the Court must resolve disputes over material facts in the non-movant's favor. "The party opposing a motion for summary judgment, with evidence competent under Rule 56, is to be believed." *Leonard v. Dixie Well Service & Supply, Inc.,* 828 F.2d 291, 294 (5th Cir.1987).

## Seaman Status under the Jones Act:

The Jones Act provides that "any seaman" who sustains personal injury in the course of his employment may maintain an action for damages at law, with the right to trial by jury. 46 U.S.C.App. § 688. The Act does not define "seaman" and "therefore, leaves to the courts the determination of exactly which maritime workers are entitled to admiralty's special protection." *Roberts v. Cardinal Servs.,* 266 F.3d 368, 374 (5th Cir.2001)(citing *Chandris* ). The inquiry into seaman status requires a determination of whether the injured plaintiff is a "master or member of a crew of any vessel." *Roberts,* 266 F.3d at 374. In *Chandris,* the court clearly articulated the test to apply when making the determination of a plaintiff's seaman status.

First, a court determines whether an employee's duties "contribute to the function of the vessel or to the accomplishment of its mission." *Chandris*, 515 U.S. at 371, 115 S.Ct. 2172. This first prong is very broad and applies to all who work at sea in the service of a ship. *Id.* at 367, 115 S.Ct. 2172. Plaintiff presumably satisfies this prong of the test. First, at the time of the accident he was on a barge repairing a damaged pile. Although defendant contends that the primary purpose of the barge was for it to be used as a work platform, plaintiff asserts that one of the vessels owned by defendant was used to push that barge and tug along throughout the entire mission. Because the vessel status of the barge in question was not briefed by the parties, the Court will assume that plaintiff has established a genuine issue of material fact as to the first prong of the test.

The second prong of the *Chandris* test requires that a "seaman ... have a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both its duration and its nature." *Id.* With respect to the second prong of the *Chandris* test, the Supreme Court has stated that this part of the test requires the seaman's connection to a vessel to be substantial in both duration (temporal prong) and nature (functional prong). *Chandris*, 515 U.S. at 371, 115 S.Ct. 2172.

The Supreme Court has held that although seaman status is not merely a temporal concept, it includes a significant temporal element. *Id.* at 371, 115 S.Ct. 2172. The Fifth Circuit has set forth guideline for determining whether a worker's temporal connection to a vessel is substantial: A worker who spends less than about thirty percent of his time in the service of a vessel in navigation should not qualify as a seaman under the Jones Act. *Roberts*, 266

F.3d at 375. The thirty percent figure "serves as no more than a guideline" and departure may be appropriate in certain cases. *Chandris*, 515 U.S. at 371, 115 S.Ct. 2172. The purpose of this prong of the test is to "separate sea-based maritime employees who are entitled to Jones Act protection from those land-based workers who have only transitory ... connection to a vessel in navigation and therefore whose employment does not regularly expose them to the perils of the sea." *Id.*

Further, the thirty percent guideline applies to either an "identifiable group" of vessels or a single vessel. *Roberts*, 266 F.3d at 375. However, if more than a single vessel is involved, the vessels must be an "identifiable fleet" or a finite group of vessels under common ownership or control. *Id.* at 375–76.

As to the second prong of the *Chandris* analysis, plaintiff's argument that there is a genuine issue of fact is without merit because he has not brought forth sufficient evidence to allege a substantial connection to a vessel or an identifiable group of vessels under defendant's ownership and control. Although he claims that defendant owned a vessel that was involved on the date of the incident, this is not enough to satisfy the *Chandris* guideline that dictates that a worker who spends less than approximately thirty percent of his time in the service of a vessel in navigation, should not qualify as a seaman.

The seaman determination should be decided on a case by case basis and constitutes a mixed question of law and fact. *Chandris*, 515 U.S. at 369, 115 S.Ct. 2172. Where, as in the case at bar, undisputed facts reveal that a maritime worker clearly has an inadequate temporal connection to vessels in navigation, the court may take question from the jury by granting summary judgment. *Id.* at 371,

115 S.Ct. 2172. A plaintiff who cannot prove his connection to a vessel is substantial in duration is precluded from recovering as a seaman under the Jones Act.

Assuming facts most favorable to plaintiff in the instant matter, plaintiff worked 596.5 hours for defendant before the accident. Of that total, plaintiff worked only 29 hours, less than five percent (5%), aboard vessels owned or controlled by defendant. Plaintiff, therefore, clearly falls short of the thirty percent required by *Chandris* for seaman status.

**The Diver Exception:**

■ Plaintiff further attempts to avoid summary judgment by arguing that he does not need to prove that defendant owned or controlled the vessels in question because he fits the "well established" diver's exception mentioned in *Wisner v. Professional Divers of New Orleans*, 98–1755 La.3/2/99, 731 So.2d 200 (1999), and *Little v. Amoco Production Co.*, 99–1130 La. Ct. App. 1 Cir. 5/14/99, 734 So.2d 933 (1999), 734 So.2d 933. *See* Memoranda in Opposition to Motion for Summary Judgment.

In *Wisner,* the Louisiana Supreme Court created an exception to the *Chandris* rule requiring that thirty percent of an employee's duties be performed on a vessel owned by the same employer. There, the court found that a commercial diver whose employer did not own or control a vessel or fleet of vessels was still a seaman for the purpose of the Jones Act, provided that a substantial part of his duties were performed on vessels. *Id.* The court found that the determination of seaman status should not be controlled by an employer's chartering arrangement. *Id.* The court held that in determining whether the nature of a plaintiff's connection to vessels in navigation is substantial and whether the plaintiff is a seaman, the focus should be on whether his duties are primarily sea-based activities, not the fortuity

of his placement on a particular vessel. *Wisner,* 731 So.2d at 205. The court reasoned that divers did not need to have a substantial connection to a fleet under common ownership or control because "it is the inherently maritime nature of the tasks performed and perils faced by [plaintiff] as a commercial diver, perhaps the most precarious work at sea, and not the fortuity of his tenure on various vessels, that makes [plaintiff] a seaman." *Wisner,* 731 So.2d at 200. In *Wisner* the Louisiana Supreme Court explicitly carved out an exception for divers by emphasizing the nature of the diver's work and not the duration element of the *Chandris* test.

*Little,* a post-*Wisner* decision by the Court of Appeal of Louisiana, First Circuit, also found that commercial divers constitute a "well-established exception" to the general thirty percent substantial connection requirement. There, the court stated that a commercial diver has the legal protections of a seaman when a substantial part of his duties are performed on a vessel, irrespective of the fact that his employer may not own or control the vessels. *Little,* 734 So.2d at 938.

Plaintiff's attempts to use *Little* and *Wisner* to support his claim that he qualifies for seaman status is questionable. First, *Wisner* involved a deepwater Gulf diver who spent ninety percent (90%) of his time aboard a vessel. He also slept aboard the vessel and ate aboard the vessel. In addressing the "substantial connection" issue, the *Wisner* court reasoned that in some instances the status of a commercial diver whose employer did not control a vessel or fleet of vessels should not control the plaintiff's seaman status. *Wisner,* 731 So.2d at 203. These instances occur when "claimants are continuously subjected to the perils of sea and engaged in classical seaman's work." *Id.* The instant plaintiff attempts to characterize the

work of any diver as necessarily involving "exposure to marine perils" and "inherently maritime" because it cannot be done on land. *Id.* at 203. However, the instant plaintiff overlooks an essential factual distinction from the case at bar brought out in *Wisner:* that the plaintiff Wisner, a deepwater oil field diver regularly "spen[t] days or weeks at a time working, eating, and sleeping on vessels" and thus exposed to the same hazards as other seamen. The *Wisner* court was willing to diminish the fact that the diver's employer did not own or control a fleet of vessels because he is exposed to the same hazards as seamen. These hazards include spending a continuous amount of time aboard a vessel. The instant plaintiff has not shown that he spent his time connected to a fleet of vessels or a vessel in the same way a "classical seaman" does.

Second, as the *Little* court explains, reliance on the "diver exception" is tenuous because "the Supreme Court's interpretations are controlling in matters of federal law." *Little,* 734 So.2d at 938. The federal cases which *Wisner* construes are based on pre-*Chandris* decisions that may not be reconciled with post-*Chandris* case law. *Id.* While the *Little* court acknowledges an exception for "divers and other workers whose duties may be classified as classical seaman's work," the court emphasizes that such an exception does not apply to all divers, only those who are "continuously subjected to the perils of the sea and engaged in classical seaman's work." *Id.*

In *Roberts v. Cardinal Services,* 266 F.3d 368 (5th Cir.2001), the Fifth Circuit examined the *Wisner* case. It explained that *Wisner* established that a diver could be classified as a seaman despite the fact that he did not have a substantial connection to a fleet because

the formulations or "tests" employed by the various courts are simply different

ways to arrive at the same basic point: the Jones Act remedy is reserved for sea-based maritime employees whose work regularly exposes them to "the special hazards and disadvantages to which they who go to sea in ships are subjected."

*Roberts,* 266 F.3d at 377. Thus, *Roberts* explained that *Wisner* did not create a per se exception for divers, but merely established that a diver who is exposed to the same hazards as those "who go to sea in ships" could be considered seaman. Further, *Roberts* explained that *Little* acknowledged that in situations where *Wisner* disagrees with *Chandris,* Supreme Court case law clearly controls. *Roberts,* 266 F.3d at 377. Finally, *Roberts* commented that "a professional diver is peculiarly-and totally-subject to the perils of sea and thus may, *under special circumstances,* qualify as a seaman without showing the requisite degree of temporal connection ..." *Id.* at 378 (emphasis added). Here, plaintiff has not shown that special circumstances exist in this case to establish that he was a diver who was expose to the same hazards as a classical seaman.

The Court recognizes that several other reported federal cases have qualified divers as seaman despite lacking a connection to an identifiable fleet of vessels. *See Pickle v. International Oilfield Divers,* 791 F.2d 1237 (5th Cir.1986), *Wallace v. Oceaneering,* 727 F.2d 427 (5th Cir.1984), *Hall v. Professional Divers of New Orleans,* 865 F.Supp. 363 (E.D.La.1994). However, each case proves factually distinguishable from the action at bar. In *Pickle,* the plaintiff diver performed ninety percent (90%) of his work upon vessels in the Gulf of Mexico. In *Wallace,* the plaintiff diver spent as much as a month at a time on vessels. He ate, slept, and performed other chores on vessels. He performed over ninety-five percent (95%) of his work

aboard offshore vessels. Finally, *Hall* involved a plaintiff diver who performed approximately eighty-three percent (83%) of his work aboard vessels. Furthermore, the plaintiffs in *Pickle, Wallace,* and *Hall* were injured while diving.

The instant plaintiff differs from the divers in *Pickle, Wallace,* and *Hall* in that he worked only 314.5 out of total 596.5 work hours, or fifty-three percent (53%), aboard any sort of vessel. Additionally, he was injured on a day that he did not dive. The Court finds no jurisprudence extending a "diver exception" to such a plaintiff. None of the plaintiff's activity occurred offshore and he was rarely exposed to the "perils of the sea" in the traditional sense.

For reasons stated above,

**IT IS ORDERED** that defendant's Motion for Summary Judgment is hereby **GRANTED**.